## CLARK v. LEE et al.

1. Equity: JURISDICTION: PRINCIPAL AND AGENT. A court of equity having acquired jurisdiction of a cause involving the discharge of a trust by an agent, it will allow all matters relating to the account and the transactions of the agent to be adjudicated in the same suit.

<em>Appeal from Johnson District Court.</em>

MONDAY, OCTOBER 15.

PRACTICE: JURISDICTION OF EQUITY COURTS, &c. —This cause was before this court in 1862. 14 Iowa, 425. The general nature of it is there stated. When the cause was remanded a decree was entered setting aside the deed from the defendant Lee, to his wife, and allowing the defendant to amend his answer and set up, by way of cross-bill, his advances, &c., as the agent and trustee of the plaintiff.

This was done, and after a hearing on the merits upon voluminous testimony, the referee, L. B. PATTERSON, Esq., reported that there was due to the defendant upon his matters of account (for taxes paid on plaintiff's land; for money paid to release it from incumbrances, and for other services and expenditures in relation to the agency of the defendant for the plaintiff, during the absence of the latter in California) the sum of $333.64.

This report the court set aside, not upon the considera- tion of the merits of the cause, but because it regarded the defendant's bill or account (for services and expendi- tures in connection with or in prosecution of his agency) as matters strictly and only cognizable *at law.*

From this ruling the defendant, Lee, appeals.

*Edmunds & Ransom* for the appellant.

*Templin & Son* for the appellee.

DILLON, J.—The plaintiff's bill was in equity against Lee as his agent and trustee. It charged him with mis-
1. EQUITY: jurisdiction; principal and agent. conduct in relation to his duties as agent; alleged that he took possession of a large amount of personal and real property belonging to the plaintiff; collected notes and accounts; sold cattle and other property, real and personal, more than suffi- cient to support plaintiff's family and pay his debts, and particularly seeking a reconveyance of the tract of land which Lee had deeded to his wife.

The answer of Lee admits that he conveyed the land to his wife, but alleges that he did this only for the pur- pose of securing him in his advances in the execution of his trust (as plaintiff's agent), and that he is ready to have the land reconveyed to plaintiff when these advances are paid. It sets forth the indebtedness of Clark when he went to California, giving the dates, persons and

amounts, and for which defendant had to provide. It then sets out an account of the moneys paid out by the defendant as plaintiff's agent, from 1850 to 1854, making $2,782.38 (including $200 for defendant's compensation as agent). It then sets out an account of moneys received during this period of and from the plaintiff and from sales and mortgages of his property, making $2,085.74.

When the cause was before us on the former appeal the answer did not pray any affirmative relief, and the question then made for decision was this: Was the defendant's wife entitled to hold the property conveyed to her until the defendant's advances for and on account of the plaintiff were paid, and it was adjudged that she was not. 14 Iowa, 425.

Although the defendant claimed to be allowed for advances made in the execution of his trust, yet as his pleadings were technically defective in not claiming *affirmative relief* (the suit was brought prior to the Revision), the cause " was remanded with instructions to the court below to enter a decree setting aside the deed from Lee to wife, and giving the respondents *the right to amend* their pleadings if they so desire, upon such terms as may be just."

The answer of Lee was accordingly so amended as to pray for an account to be taken of the matter pertaining to his trust and agency. *Rhoads* v. *Booth*, 4 Iowa, 577; *Armstrong* v. *Pierson*, 5 Id., 317; *McGregor* v. *McGregor*, 9 Iowa, 65.

It is our opinion that the principal having taken the agent and trustee into a court of equity, charging him with misappropriations of money, misconduct, &c., and asking specific and general relief against him, it was entirely competent and proper to allow all matters relating to the accounts and transactions of the agent to be adjudicated in one and the same suit. Under the Revision this

would not be questioned. Rev., §§ 2880, clause 6; 2889. And under the Code of 1851 (in force when this action was brought, but not when it was tried by the referee), and the general practice of courts of chancery, it is our judgment that the court having acquired jurisdiction of the cause for one purpose, it could retain it for other purposes, so as to end the litigation and do complete justice between the parties. *Franklin Insurance Company* v. *McCrea,* 4 G. Greene, 229. And the only object in allowing, in the former decision, the defendant to amend his pleadings was that this might be done.

The District Court, therefore, erred in ruling that the defendant's only remedy was *at law*, and in setting aside the report upon that ground.

Upon looking into the testimony we are satisfied that the amount reported by the referee is as near right as it is possible to get in a transaction so complicated.

The judgment is reversed. The cause is remanded, with directions to the District Court to confirm the report of the referee and enter judgment accordingly. It will make an equitable apportionment of the costs, charging the plaintiff with those made by him in contesting the claim and accounts of the defendant.

Reversed.