P. LOUIS BIEGLER

*v.*

THE MERCHANTS' LOAN AND TRUST COMPANY.

*Filed at Ottawa November 23, 1896.*

1. ACTION—*right of defendant in chancery to maintain cross-bill.* The right of a defendant in chancery to maintain a cross-bill germane to the original bill is not dependent upon the validity of the claim made in the original bill.

2. SAME—*when equity will decree relief on cross-bill after dismissal of original bill.* In a suit in chancery by a partner for the double purpose of settling the partnership and enjoining a third party from prosecuting a pending suit at law upon firm notes, dismissal of the original bills by the complainant does not deprive the court of jurisdiction to retain the suit and decree relief to the holder of such notes, who, after his suit at law was enjoined, had filed a cross-bill in the action.

3. SAME—*bills improperly dismissed will be re-instated.* Original and supplemental bills and a cross-bill improperly dismissed as to one defendant may be re-instated and the cause proceed to a trial upon the merits as between the complainant and such defendant.

4. EQUITY—*when it will retain suit and grant legal relief.* Equity having acquired jurisdiction for equitable purposes will retain it to give a defendant a purely legal relief upon his cross-bill after the subjects of equitable cognizance have been dismissed out of the case, where such legal relief relates to the subject matter of the original bill.

5. SAME—*will settle a partnership formed for illegal purposes.* A court of equity is not deprived of jurisdiction of a suit for the appointment of a receiver, the dissolution of an alleged partnership and the settlement of the partnership accounts, because it is claimed that the partnership was for the purpose of carrying on the illegal business of horse racing.

6. COURTS—*do not take jurisdiction by consent.* Consent of parties cannot confer jurisdiction upon courts.

7. BILLS AND NOTES—*what facts do not put holder of a note upon inquiry.* The recital, by indorsement upon promissory notes, that they are secured by a lien upon the maker's interest in certain horses described in a specified agreement, does not put a subsequent holder upon inquiry as to the terms of such agreement.

8. SAME—*notes secured by lien are negotiable.* That promissory notes are secured by a lien upon the maker's interest in horses does not affect their negotiability.

9. SAME—*what recitals upon note will destroy its negotiability.*  A recital upon a promissory note, to destroy its negotiability, must in some respects qualify the promise or make it uncertain or conditional.

10. SAME—*notes given for race horses are not invalid.*  Promissory notes given for an interest in race horses are not invalidated in the hands of an innocent holder because the parties contemplated entering into a partnership for racing such horses for money.

11. APPEALS AND ERRORS—*when an appellant cannot deny equitable jurisdiction.*  An appellant will not be permitted to deny, for the first time after appeal taken, the equitable jurisdiction which he has himself invoked and forced the appellee to submit to.

*Biegler* v. *Merchants' Loan and Trust Co.* 62 Ill. App. 560, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

The original decree herein was entered in the circuit court of Cook county.  It was afterwards affirmed, on appeal, by the Appellate Court for the First District, and this further appeal then taken.

On the hearing in the Appellate Court the following opinion by SHEPARD, J., was filed:

"Pursuant to previous negotiations the appellant purchased of George W. Leihy & Son a one-third interest in nine certain race horses and certain racing equipments, and agreed to pay therefor the sum of $13,500, of which $6000 was paid in cash and the remaining $7500 was evidenced by two promissory notes made by the appellant. Those notes, with endorsements thereon, were as follows:

"$3750.00                                    CHICAGO, *Jan. 15, 1894.*

"Five months after date, for value received, I promise to pay to the order of G. W. Leihy & Son the sum of $3750 at my office in Chicago, with interest at the rate of six per cent per annum after date.                        P. LOUIS BIEGLER,
                                                379 No. Clark St.
(Endorsed):

"This note is secured by a lien upon my interest in certain horses named in agreement this day made between said G. W. Leihy & Son and myself, dated January 15, 1894.
                                        P. LOUIS BIEGLER.

"$3750.00                                        CHICAGO, *Jan. 15, 1894.*

"Six months after date, for value received, I promise to pay to the order of G. W. Leihy & Son the sum of $3750 at my office in Chicago, with interest at the rate of six per cent per annum after date.

P. LOUIS BIEGLER,

379 No. Clark St.

(Endorsed):

"This note is secured by a lien upon my interest in certain horses described in agreement this day made between G. W. Leihy and myself, dated January 15, 1894.

P. LOUIS BIEGLER.

"A partnership agreement in writing, bearing the same date of the notes, was entered into between appellant and the Leihys, and it is contended that a verbal agreement was made between them at the same time, whereby, if the appellant should desire at any time thereafter to withdraw from the partnership, he should lose the $6000 cash paid by him, give up his interest in the horses and receive back the said two notes, and that the endorsement on the notes had reference to such verbal agreement, and was, as well, notice of what the partnership agreement contained, and put any person dealing with the notes upon inquiry as to what that agreement was.

"On January 30, 1894, the six months note was deposited by Leihy & Son with the Merchants' Loan and Trust Company, the appellee, as collateral security to an indebtedness of $3000 then owing by them to said bank, and on May 7, 1894, the said bank discounted for Leihy & Son, in its regular course of business, the other note due at five months. The notes were not paid at maturity, and on December 1, 1894, the appellee sued the appellant on them at law. In the meantime the appellant had filed a bill in equity against the Leihys, which was pending, and about the time the suits on the notes were about to be reached for trial the appellant filed a supplemental bill in the equity case, and made appellee a party defendant with the Leihys, and set up various equitable defenses to the notes, and prayed for an accounting, that said

notes be surrendered and given up to him, and for an injunction against the further prosecution of the suits on the notes, and obtained an injunction restraining appellee from further prosecuting the said suits. Appellee answered said supplemental bill and filed its cross-bill, denying that any equitable defenses existed against the notes as between appellant and the Leihys, the payees thereof, and insisting that if any such equitable defenses did exist as between the maker and payees thereof, that such defenses were unavailing against cross-complainant, the appellee; under the circumstances of acquiring them as set forth in the said cross-bill, and praying that appellant be decreed to pay the amount due on the notes.

"In his answer to said cross-bill the appellant admitted as follows: 'That his counsel and the counsel for said cross-complainant agreed in open court, at the time that the said injunction was granted as aforesaid, that all questions in contention and controversy arising between this defendant and said cross-complainant and said Leihy & Son upon the said notes of this defendant, as in the said cross-bill of complaint set forth, should be submitted and determined upon a hearing of the original bill and supplemental bill in this cause, and that if it was found that this defendant was indebted to said cross-complainant, that it should be decreed in this cause that he pay to said cross-complainant whatever sum should appear upon an accounting to be justly due from this defendant to said cross-complainant upon said two notes or either of them.'

"The cause was referred to a master, who found and reported, among other things, that the appellee received the notes without notice of any of the equitable defenses against them claimed by the appellant, and that there was due to appellee the sum of $4045 on the note that it discounted, and $2068.83 on the indebtedness that the other note was pledged as collateral to. The cause coming on to be heard upon exceptions filed by the appellant

to the master's report, it was ordered, on motion of appellant's solicitor, that the original bill and supplemental bill of appellant be dismissed as to the Leihys, and thereupon, on the court's own motion, the cross-bill of appellee and the supplemental bill as to it were also dismissed. Subsequently, on motion of appellee, the court set aside its order dismissing the original and supplemental bill as to appellee, and also appellee's cross-bill, and entered a decree confirming the master's report in respect to the allegations of the cross-bill, and that appellee, said cross-complainant, have and recover from appellant the sum so found due by the master, together with lawful interest from the date of the report, and ordered execution therefor. It is from such decree that this appeal is prosecuted.

"It is contended by the appellant, that, he having dismissed his original and supplemental bill as against the Leihys, the court properly dismissed the same as to the appellee, and also appellee's cross-bill, and that it was error to vacate such order of dismissal.

"The allegations and theory of the original and supplemental bills were, that upon an accounting there would be found to be nothing due from appellant on said notes as between himself and the Leihys, and that owing to existing equities between himself and the Leihys, who were the payees of the notes, of which the appellee had notice, and advantage of which appellant could not have in the suits at law brought by appellee against him upon the notes, he was entitled to an injunction against the prosecution of said suits at law, and it was upon such allegations that he obtained his injunction. The cross-bill that was filed by appellee was clearly germane to the issues raised by the original and supplemental bills, and while appellant had the right to dismiss his original and supplemental bills as against the Leihys, jurisdiction by the court to retain the same as to appellee was not thereby lost, and it was error for the court to dismiss them and appellee's cross-bill, as was done. It being

error to dismiss them, it was proper for the court to vacate its order of dismissal and re-instate them, and to proceed to a decree upon the merits of the cause as between appellant and appellee.

"We say this without reference to the stipulation entered into by the parties, as admitted by appellant, for it need not be argued that consent cannot confer jurisdiction. Jurisdiction was acquired under the original and supplemental bills filed by the appellant, and under the provisions of our statute they could not be dismissed as against the appellee, who had filed its cross-bill, without its consent; and jurisdiction having been thus acquired, it was proper that it should be retained for the determination and settlement of all the equities between the parties in relation to the subject matter of the suit. Parties resorting to equity and inviting its administration are not permitted, after the filing of a cross-bill which prays for relief germane to the original suit, and after being defeated in equity or anticipating defeat there, to retrace their steps and compel the defendant, who has filed his cross-bill, to again return to the court of law from proceeding in which he had been enjoined. True, the appellant, by dismissing his bills as to the Leihys, who were the only defendants thereto except the appellee, was left with the appellee as his only adversary as to matters which doubtless might have been tried at law; but the appellant had brought the appellee into a court of equity under his bills setting up facts that gave a court of equity jurisdiction, and the equity court having thereby acquired jurisdiction for all equitable purposes, retained it to give full relief, whether legal or equitable, as to all purposes relating to the subject matter of the bills, although it so happened that at last it gave relief only as to matters which would not have been proper subjects of equitable interposition if they alone were the original subjects of relief. *Stickney* v. *Goudy*, 132 Ill. 213.

"The master found that the appellee took the notes in due course of business, for a valuable consideration, and without notice of any equities against them, and the decree followed the report of the master. An examination of the evidence satisfies us of the correctness of such finding. The recital, by endorsement on the notes, that they were secured by a lien upon the maker's interest in certain horses described in a specified agreement, had no effect to put the appellee upon inquiry as to the terms of that agreement. The fact, if true, that the notes were secured as recited did not affect their negotiability. (Byles on Bills, 101.) A recital upon a promissory note to destroy its negotiability must be of a kind that in some respect qualifies or makes uncertain or conditional the promise. *Siegel* v. *Chicago Trust and Savings Bank,* 131 Ill. 569.

"The further contention is urged, that the notes were given for a gaming consideration, and therefore, by force of the statute, were void in the hands even of an innocent holder for value. The notes were given for an interest in race horses, it is true; but that a race horse may be the subject of a valid contract of purchase and sale, as much so as a mule or an ox, is, we think, not open to dispute, in the absence of statutory prohibition. The statute nowhere prohibits the breeding or dealing in or running of race horses. And we do not think, although it was contemplated between the parties when the notes were made that they should, as they did, enter into a partnership agreement for, among other things, racing for money the very same horses for an interest in which the notes were given, that the consideration of the notes was thereby tainted to the extent of making them void in the hands of an innocent holder. The partnership articles make no mention whatever of the notes, but open with a recital that the two Leihys and appellant are each owners of a one-third interest in the horses, naming them, and then proceeds with stipulations as to the racing of them, and the buying and selling of other horses, etc.,

and the management of the outfit.   The notes did not pay for or represent, in any way, an interest in any moneys won or staked on racing, or on any other uncertain and gambling event or circumstance, but were given only for horses and their equipment.   In a sense they were given for something (horses) to be used in racing for money; but so might it be said of the purchase of boots for a jockey, of the hiring of men to construct a race track, or of carpenters to erect a judges' stand, and, therefore, in aid of gaming.   But we do not feel strongly constrained to declare such contracts to be void.   It would be going beyond anything that the legislature has ever done with reference to contracts and negotiable paper, to hold these notes void, and except by statutory enactment there could be no pretense of the invalidity of such instruments as the notes in question.

"We do not consider it necessary to discuss other points argued in behalf of appellant.

"The main questions, that the notes were negotiable and were acquired by appellee in the regular course of its banking business, for value, and without notice of any of the alleged equities against them; the jurisdiction of the court of equity to give judgment upon the notes, and that the notes are not tainted with a prohibited consideration so as to render them void in the hands of appellee, being determined adversely to the appellant, it remains only necessary to say that we discover no substantial error in the record, and to affirm the decree of the circuit court, which is accordingly done."

LOESCH BROS. & HOWELL, for appellant:

The contract entered into between the parties is for the purpose of gaming, and is an illegal contract, and as such, under our statutes, is void, and it was the duty of the court to dismiss the bill and supplemental bill on its own motion, for want of equity.   Crim. Code, chap. 38, sec. 127; *Tenney* v. *Foote,* 95 Ill. 99; *Tatman* v. *Strader,* 23 id. 439; *West*

v. *Carter*, 129 id. 249 ; *Mosher* v. *Griffin*, 51 id. 184; *Garrison* v. *McGregor*, id. 473 ; *Richardson* v. *Kelly*, 85 id. 491; *Kirkpatrick* v. *Clark*, 132 id. 342 ; *Shaffner* v. *Pinchback*, 133 id. 410 ; *Swigart* v. *People*, 154 id. 284; *Railroad Co.* v. *Classen*, 126 Ind. 348; Bates on Partnership, secs. 112, 119 ; *Bell* v. *Leggett*, 7 N. Y. 176 ; *Gray* v. *Hook*, 4 id. 449 ; *Barton* v. *Port Jackson Co.* 17 Barb. 397; Lindley on Partnership, chap. 5, secs. 476, 477, p. 93, note; *Hunt* v. *Knickerbocker*, 5 Johns. 327; *Combioso* v. *Maffett*, 2 Washb. C. C. 98 ; *Rose* v. *Truax*, 21 Barb. 361; *McBlair* v. *Gibbs*, 17 How. 232 ; *Nellis* v. *Clark*, 4 Hill, 424; *Pratt* v. *Adams*, 7 Paige, 615 ; *Hayden* v. *Davis*, 3 McLean, 276 ; *DeGroot* v. *Van Duzer*, 20 Wend. 390 ; *Milne* v. *Huber*, 3 McLean, 212 ; *Pennington* v. *Townsend*, 7 Wend. 276 ; *Pepper* v. *Haights*, 20 Barb. 429 ; *Brown* v. *Turkington*, 3 Wall. 377; *Mosley* v. *Mosley*, 15 N. Y. 334; *Westfall* v. *Jones*, 23 Barb. 9 ; *Hooker* v. *Vandewater*, 4 Denio, 349 ; *Brooks* v. *Martin*, 2 Wall. 70 ; *Fales* v. *Mayberry*, 2 Gall. 560 ; *Tyler* v. *Yates*, 3 Barb. 223 ; *Coppell* v. *Hall*, 7 Wall. 542.

If the court had no jurisdiction over the original and supplemental bill the cross-bill must fall. *Tobey* v. *Foreman*, 79 Ill. 489 ; *Blair* v. *Reading*, 99 id. 600 ; *Gage* v. *Mayer*, 117 id. 632 ; *Mitchell* v. *Dowell*, 105 U. S. 430 ; *Jones* v. *Smith*, 14 Ill. 231; *Lantz* v. *Gordon*, 28 Fed. Rep. 264; *Richards* v. *Railroad Co.* 124 Ill. 516; 25 Ill. App. 348; *Osborne* v. *Barge*, 30 Fed. Rep. 805; *Kimball* v. *Walker*, 30 Ill. 482; *Bessman* v. *Peoria*, 16 id. 484; *Leigh* v. *Mason*, 1 Scam. 249 ; Daniell's Ch. Pr. sec. 1534 ; *Wing* v. *Goodman*, 75 Ill. 159 ; *Lund* v. *Bank*, 96 id. 181; *Peak* v. *People*, 71 id. 278; *Gage* v. *Schmidt*, 104 id. 106.

The question of jurisdiction can be raised at any time during the pendency of the cause and on appeal after a decree has been entered, and the court may, at any stage of the cause, entertain such objection or dismiss the bill *mero motu.* *McConnell* v. *Provident Life Assurance Society*, 69 Fed. Rep. 113 ; *Reynolds* v. *Watkins*, 60 id. 824; *Richards* v. *Railway Co.* 124 Ill. 516; Story's Eq. Pl. sec. 10 ; *Reynes* v. *Dumont*, 130 U. S. 355.

The two promissory notes in question made by appellant are void in the hands of appellee, which claims to have purchased the same without notice of any equities and before they became due. Starr & Curtis' Stat. sec. 131, p. 792; *Pope* v. *Hanke*, 155 Ill. 617; *Town of Eagle* v. *Kohn*, 84 id. 292; *Eddy* v. *People*, 127 id. 428; Tiedeman on Com. Paper, secs. 178, 280; Daniel on Neg. Inst. secs. 197, 198; 3 Kent's Com. 79, 80; Story on Promissory Notes, sec. 192; 1 Parsons on Notes and Bills, 218; *Bank* v. *Merrick*, 14 Mass. 322; *Hunt* v. *Knickerbocker*, 5 Johns. 327; 2 Rand on Com. Paper, sec. 517; *Patton* v. *Nicholson*, 3 Wheat. 204; *Armstrong* v. *Toler*, 11 id. 258; *Smith* v. *Aykewell*, 3 Atk. 566; *McBlair* v. *Gibbs*, 17 How. 232; *Collins* v. *Blantern*, 2 Wils. 347; *Paxton* v. *Popham*, 9 East, 408; *Fytche* v. *Bishop of London*, 1 id. 487; *Greville* v. *Atkins*, 9 B. & C. 462; *Bridge Co.* v. *Spencer*, 1 Jacob, 64; *First Cong. Church* v. *Henderson*, 4 Rob. (La.) 209; *Westmeath* v. *Westmeath*, 1 Dow, 519; *Overman* v. *Clemons*, 2 D. & B. 185; *Terrett* v. *Bartlett*, 21 Vt. 184; *Craig* v. *Missouri*, 4 Pet. 410; *Bartle* v. *Coleman*, id. 184; *Wooster* v. *Miller*, 7 S. & M. 380; *Donallen* v. *Lennox*, 6 Dana, 91; *Brown* v. *Langford*, 3 Bibb, 500; 1 Parsons on Contracts, 380; "*The Pioneer*," Deady, 72; *Deering* v. *Chapman*, 22 Me. 488; *Woodruff* v. *Hinman*, 11 Vern. 592; *Hinnesburg* v. *Sumner*, 9 id. 23; *Tilson* v. *Himes*, 5 Barr, 542.

The endorsements upon said notes were sufficient notice to put appellee upon inquiry. *Russell* v. *Haddock*, 8 Ill. 233; *Sturges' Sons* v. *Bank*, 49 id. 220; *VanZandt* v. *Hopkins*, 151 id. 248; *Weber* v. *Rosenheim*, 37 Ill. App. 72; *Prins* v. *Lumber Co.* 20 id. 236; *Hopkins* v. *VanZandt*, 40 id. 635; *Wiggins* v. *Bush*, 12 Jones, 306; *Bank* v. *Blake*, 60 Fed. Rep. 78; *Ware* v. *Allen*, 128 U. S. 590; *Benton* v. *Martin*, 52 N. Y. 570; *Juillard* v. *Chaffee*, 92 id. 529; *Reynolds* v. *Robinson*, 110 id. 654; *McFarland* v. *Sikes*, 54 Conn. 250.

Rich & Stone, for appellee:

The court having acquired jurisdiction of the cause by the filing of the original and supplemental bill, right-

fully retained the said cause for a full hearing, determination and settlement of all equities and disputes between the parties in relation to the subject matter of the bill. *Robinson* v. *Appleton*, 124 Ill. 276; *Hurd* v. *Ascherman*, 117 id. 501; *Pratt* v. *Kendig*, 128 id. 293; *Clemmer* v. *Bank*, 157 id. 206; *Stout* v. *Cook*, 41 id. 447; *Magee* v. *Magee*, 51 id. 500; *Kimball* v. *Walker*, 30 id. 482; *Comstock* v. *Henneberry*, 66 id. 212; *Ohling* v. *Luitjens*, 32 id. 23; *Colton* v. *Hanchett*, 13 id. 615; *Gridley* v. *Watson*, 53 id. 186; *Dodge* v. *Wright*, 48 id. 382; *Hickey* v. *Forristal*, 49 id. 255; *Knox County* v. *Davis*, 63 id. 405; *Gage* v. *Griffin*, 103 id. 41; *Richards* v. *Railroad Co.* 124 id. 516; *Ryan* v. *Duncan*, 88 id. 144; *Gordon* v. *Reynolds*, 114 id. 118; *Brill* v. *Stiles*, 35 id. 305.

Where a court of chancery has jurisdiction for one purpose it retains it for all legitimate purposes. *Albrecht* v. *Lumber Co.* 126 Ind. 318; *Mitchell* v. *Shortt*, 113 Ill. 251.

Unless the recital in a note qualifies the promise to pay and renders it conditional or uncertain, either as to the time of payment or the sum to be paid, the negotiability is not affected. *Siegel* v. *Bank*, 131 id. 569.

A collateral contemporaneous agreement providing that the note shall not be paid if an executory contract forming the consideration of the note is not performed, will not affect the validity of the note in the hands of an indorsee taking it with notice of the agreement, if without notice of the breach. *Jennings* v. *Todd*, 84 S. W. Rep. 148.

Knowledge on the part of the holder, at the time he took the note, that it was not to be paid on a specific contingency, is not sufficient to defeat his right to recover, although the fact had then happened, if he was ignorant of this fact. 1 Parsons on Notes and Bills, 261; Daniel on Neg. Inst. sec. 136; *Miller* v. *Ottawa*, 81 Mich. 196; *Adams* v. *Smith*, 35 Me. 32; *Dow* v. *Tuthill*, 4 Mass. 414; *Davis* v. *McCrady*, 17 N. Y. 230.

Notice of the agreement is not notice of equities arising out of it after the transfer of the note. *Patten* v. *Gleason*, 106 Mass. 439.

If the purchaser knows that the note was given for a certain consideration with a warranty, his knowledge of the breach of the warranty or failure of consideration will not be presumed. 1 Daniel on Neg. Inst. 740.

The consideration of negotiable paper in the hands of a *bona fide* holder for value cannot be inquired into, though he had notice of the facts which should have put him on inquiry. *Jennings* v. *Todd*, 24 S. W. Rep. 148; *Bank* v. *Mc-Neil*, 51 Minn. 123; *Brothers* v. *Bank*, 84 Wis. 381; *Merrill* v. *Hale*, 85 Iowa, 66.

A note is not rendered unnegotiable because it imports that collateral security has been given. Byles on Bills, 101, and cases cited.

Where a party acts in good faith in buying a note he will be protected, though he may have been grossly negligent. *Buchanan* v. *Wren*, 30 S. W. Rep. 1077.

Mr. JUSTICE BAKER delivered the opinion of the court:

The Appellate Court properly disposed of the cause, and we concur in and adopt the views expressed in its opinion. We have carefully examined the elaborate briefs filed in this court by counsel for appellant, and it seems to us that there is but one point upon which there is occasion for adding anything to what has already been said in the case.

Appellant urges that the original bill prayed an accounting, injunction, receiver and dissolution between partners who had formed a partnership for the purpose of racing horses for money, purses and prizes on different race tracks in this and other States; that the contract and partnership entered into were for the purpose of gaming, and an illegal contract or partnership, and under our statutes void and not enforcible; that therefore the court had no jurisdiction to entertain the original and supplemental bills; that the cross-bill was auxiliary to and dependent on the original and supplemental bills, and that the court having no jurisdiction over the orig-

inal and supplemental bills the cross-bill must fail; and he complains that the Appellate Court passed no opinion as to the legality of the partnership agreement, or the partnership subsisting under that agreement.

The original bill was for an injunction and the appointment of a receiver, and for the dissolution of an alleged partnership and the settlement of the partnership accounts. These are all matters that are within the general jurisdiction of a court of chancery. The supplemental bill was in line with the original bill, and was filed for the purpose of subjecting certain legal rights claimed by appellee to the supposed equities of appellant. Appellant came into the chancery court claiming in both his bills that he had equitable rights, and these rights, so claimed, were of such character as that, if they had any valid existence, they were properly cognizable in that court, and in that court only. He had a right to be heard in that court in support of his claim, and had a right to contend that the partnership agreement was a valid agreement and the partnership entered into a lawful partnership, and that he was entitled to all the benefits resulting therefrom. The court, without doubt, had jurisdiction to give judgment upon the case that he exhibited. Suppose a demurrer had been interposed to the bills for want of equity; would he not have had a right to insist upon the validity of the contract and partnership? And would not the court have had jurisdiction to adjudicate upon such contentions? If A should sue B in an action at law to recover $100 won on a horse race, would not the court have jurisdiction to adjudicate in the suit? In *Tatman* v. *Strader*, 23 Ill. 493, cited by appellant, it was an open question whether winning money on a horse race was gaming, this court reversing the decision of the court below.

When a complainant files a bill that properly falls under one or another of the heads of ordinary chancery jurisdiction, the right of the defendant to maintain a

cross-bill that is germane to the original bill is not dependent upon the validity of the claim made in the original bill.    If answer is interposed, instead of a demurrer, to the original bill, the court may at the hearing dismiss the bill for want of equity, and it is immaterial whether this be done for want of proof or because the bill does not, on its face, show a case for equitable relief.    Here, appellant himself set up the contract and the partnership and claimed their validity, and invoked the equitable jurisdiction of the court.    He enjoined appellee from the prosecution of its suit at law and forced it into chancery.    He answered the cross-bill, and not only did not claim appellee had an adequate remedy at law or challenge the jurisdiction of the court of equity to entertain the cross-bill, but expressly conceded and agreed to the exercise of such jurisdiction, and neither he nor any of the other parties to the litigation made any claim or suggestion in the circuit court that the said partnership agreement was illegal or the partnership not a valid partnership.    The matters alleged in appellant's bills related to matters of contract, and were not wholly foreign to the jurisdiction of a court of chancery.    (*Richards* v. *Lake Shore and Michigan Southern Railway Co.* 124 Ill. 516; *Stickney* v. *Goudy*, 132 id. 213.)    It would be inequitable to allow appellant to deny for the first time after appeal taken, the equitable jurisdiction which he himself invoked and forced appellee to submit to.    *Clemmer* v. *Drovers' Nat. Bank*, 157 Ill. 206, and authorities there cited.

After the issues had been formed in the cause, and the evidence reported by the master, appellant dismissed his original and supplemental bills as to George W. Leihy and Morgan P. Leihy, and this eliminated from the cause the matter of the partnership agreement between appellant and said Leihys.    Consequently the matters of the said partnership and said partnership agreement were not submitted to the decision of the circuit court, and, in fact, said court made no adjudication and rendered no

decree in regard thereto, and so there is no occasion for expressing an opinion on the question that was first raised upon appeal, as to the legality of the partnership and partnership agreement.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*