71   91
s87  428

## William H. Slack et al. v. William E. Hughes.

1. EQUITY—*The Rule that a Court of Equity Should do Complete Justice Applied.*—On a contest over funds in the hands of a master in chancery it appeared that two assignments of the amount due had been made; that both were given to secure debts owing by the original owner of the fund, and that the amount due the holder of the prior assignment was in dispute. The trial court ordered the money paid to the holder of the prior assignment. *Held*, that this was error, and that the rule that a court of equity having jurisdiction should do complete justice to all the parties interested and properly before it, required an order that the rights of the parties be ascertained from testimony before the court or master, and decree made accordingly, which should end the litigation.

Order of Distribution, in partition suit. Appeal from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded, with directions. Opinion filed June 16, 1897.

JOHN C. WILSON, attorney for appellants.

James R. Ward and Albert Salzenstein, attorneys for appellee.

Mr. Justice Pleasants delivered the opinion of the Court.

The parties here respectively and adversely claim certain moneys in the hands of the master in chancery of Greene county, which are the distributive shares of Minnie E. and Jennie L. Bowman in the proceeds of the sale of certain lands in that county, under decree in proceedings for the partition thereof. John C. Wilson was the solicitor for those ladies, and, having obtained a judgment against them for alleged services as such, in the Superior Court of Cook County, on a note and warrant of attorney amounting to $848, he filed in the partition case, before any order for distribution was made, his intervening petition, in the nature of a creditor's bill, to reach their shares in satisfaction of his judgment; on which petition, though resisted, the court, on October 22, 1894, made an order directing the master to pay him out of their shares the sum of $594 and his costs; and that order was by this court affirmed, for reasons stated in the opinion. See Bowman v. Wilson, 64 Ill. App. 73.

In obtaining the judgment in the Superior Court of Cook County, in resisting the motion there made to vacate it (which was denied on his entering a credit thereon), and in the contest upon his intervening petition in the Circuit Court of Greene County, and on appeal in this court William E. Hughes, the appellee here, was his attorney; and to secure the payment for his services and disbursements in these and some other matters, he obtained from Wilson, on the 20th of October, 1894 (two days before the order of the court directing the master to pay Wilson, as stated), an order to the master to pay him, Hughes (which was accepted by the master subject to the action of the court), on the following day, and on the 24th a formal assignment to him of the judgment against the Bowman sisters.

On the 24th of February, 1896, which was the opening

day of the term of the Circuit Court, in Greene county, next following the affirmance by this court of its order to the master to pay Wilson, the appellants here filed their motion in that court in the partition case for an order to the master to pay them the amount of the Wilson judgment, on the alleged ground of an assignment by him to them of that judgment; and on the next day the appellee, Hughes, filed his motion for an order to the master to pay him, on the alleged ground of a prior assignment of said judgment by Wilson to him. On the afternoon of that day these adverse motions were heard together, upon the evidence produced by the parties, respectively—Wilson himself appearing as the attorney and witness for appellants—and on the next day the court denied the motion of appellants, sustained that of appellee, and made its order directing the master to pay him. From those orders this appeal is prosecuted.

Hughes also was examined as a witness. Wilson testified that he had never made an assignment of the judgment to Hughes; and that he had assigned it to appellants on the 29th of June, 1895. But it appears that he had then been informed that the alleged assignment to Hughes had been mislaid by him and could not then be found; and further that the assignment to appellants was accompanied by a declaration of trust by them, reserving to himself the excess, which was considerable over the amount then due to them. The original assignment and declaration were not produced, and no satisfactory account for the failure to produce them was given but he offered, what he testified were copies of them. He was confronted with the original and earlier assignment to Hughes, which in the meantime had been found, and testified that he had forgotten the fact of his making it. From the relations of the parties as shown, we think it most probable that appellants had notice of it when and before they received theirs. From these relations, the unsatisfactory showing as to the consideration of the alleged indebtedness to appellants and the admitted reservation from the assignment to them of an interest to

the assignor, we are satisfied that the court rightly held it invalid as against Hughes.

But it appears from the testimony of Hughes himself that the assignment to him was intended and understood to be only as security for the amount actually due to him, and whether that was equal to the amount ordered to be paid by the master to him, he declined to say, though directly asked by the court. He said he could not state, because it was unsettled. Whatever, therefore, may have been his strict legal right from the terms of the assignment, to the full amount of the judgment as reduced by the credit, he was equitably entitled to no more than should be found, upon a settlement, to be actually due to him. His motion was addressed to a court of equity which had control of the fund and jurisdiction of the parties adversely claiming it. Very hostile feeling is shown to have existed between Hughes, on one part, and Wilson and the appellants on the other. The entire fund should not have been put in possession of Hughes, who was in equity a trustee as to the excess, if any there should turn out to be, and the *cestui que trust* left to an independent proceeding, at law or in equity, to obtain his or their right to such excess. The familiar rule that a court of equity, having jurisdiction, should do complete justice to all the parties interested and properly before it, required an order that these rights should be ascertained from testimony before the court or the master, and decree made accordingly, which should end the litigation. We are therefore of opinion that the order made was improper, and should have been that the matter be referred to the master to take and report proof as to the amount actually due to Hughes, and upon its ascertainment be decreed to be paid to him, and the excess, if any, to appellants, to the amount of their claim as shown, and the residue, if any, to Wilson.

The order made will be reversed and the cause remanded with directions to that effect.

The costs of this appeal will be divided equally between the parties, except the costs of additional abstract, which should be charged to appellants.