[No. 10260. Department One. September 14, 1912.]

MAHER & COMPANY, *Respondent*, v. S. C. FARNANDIS, *Appellant*, FRED W. CARTER, *Respondent*.[1]

APPEAL—PARTIES ENTITLED—RIGHT TO APPEAL. Where, in an action to foreclose a second subcontractor's lien, plaintiff recovered judgment against the first subcontractor, who was given judgment against the principal contractor for any sum he might be compelled to pay on plaintiff's judgment, the principal contractor is ultimately liable and may appeal from plaintiff's judgment against the subcontractor.

[1]Reported in 126 Pac. 542.

EVIDENCE—BEST AND SECONDARY—CONTRACTS—CHECKS AND SLIPS. In an action to foreclose a lien for excavation work, there was competent evidence of the amount of earth removed, where it appears that plaintiff's foreman, who could not be found at the time of trial, signed daily slips showing the number of loads removed, his signature was identified, the bookkeeper examined and totaled the slips, the total checked with the sum paid by a third party to whom the dirt was sold and delivered, as evidenced by an indorsed check marked paid with a notation on the back as to the number of loads, and the parties had agreed as to the yardage of each load.

MECHANICS' LIENS — ACTION TO FORECLOSE — ISSUES — APPEAL— RIGHT TO ALLEGE ERROR. In an action to foreclose a subcontractor's lien for excavation work, in which plaintiff recovered judgment against another subcontractor, who in turn was given judgment against the principal contractor for any sum he might be compelled to pay on plaintiff's judgment, the principal contractor cannot complain that plaintiff's judgment contained an item that was not lienable, the owner of the property and the subcontractor not having appealed.

SAME—ISSUES—PLEADING — CROSS-COMPLAINT AGAINST CODEFENDANT. In an action to foreclose a second subcontractor's lien for excavation work, in which the first subcontractor and the principal contractor are made defendants, the first subcontractor may cross-plead against the principal contractor and have legal relief on his contract, to avoid a multiplicity of suits, in view of Rem. & Bal. Code, § 406, providing that when the justice of the case requires it, the court may determine the ultimate rights of all the parties.

JURY—RIGHT TO JURY TRIAL—LEGAL ISSUES IN EQUITABLE ACTION. In an action to foreclose a subcontractor's lien, a defendant is not entitled to a jury trial of the legal issues arising between the defendants; since equity, having obtained jurisdiction, retains it to the end.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered September 12, 1911, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a subcontractor's lien.   Affirmed.

*J. C. Allen,* for appellant.

*C. H. Winders,* for respondent Maher & Company.

*John P. Hartman,* for respondent Carter.

Gose, J.—The defendant Farnandis had a contract with the defendant Cascade Investment Company, a corporation, whereby he agreed to do the excavating and construct a building for it upon certain of its property in the city of Seattle. He thereafter sublet the excavating work to the defendant Carter, and agreed to pay him eighty cents per cubic yard therefor. Thereafter Carter sublet the work to plaintiff's assignor, who did the excavating at an agreed price of seventy-five cents per cubic yard. In due time the latter filed a notice of a claim of lien against the property, and before the commencement of the action assigned his claim to the plaintiff. This action was instituted for the purpose of foreclosing the lien, and to recover the reasonable and agreed value of the services. The plaintiff prays judgment against both Carter and Farnandis, and prays for a foreclosure of the lien.

The defendant Farnandis denied that he was indebted to the plaintiff, and alleged affirmatively that the work was so negligently performed that earth from the adjoining lot slid into the excavation, damaging a building thereon, and that he expended a stated amount in repairing the damage. The defendant Carter, after denying that he was indebted to the plaintiff, alleged, by way of cross-complaint against the defendant Farnandis, that he had a contract with him for doing the excavating work at the agreed price of eighty cents per cubic yard, and that he sublet it to the plaintiff; that 3,575 yards of earth were excavated, amounting to $2,800, and that there was a balance due him from Farnandis of $1,860. When the case was called for trial, counsel for Farnandis moved *ore tenus* to strike the cross-complaint, (1) because it was improper in such an action, and (2) because he was entitled to try the issue which it raised to a jury. The motion was denied.

The court found that the plaintiff removed 3,575 cubic yards of earth at the agreed price of seventy-five cents per yard, making $2,681.25, and that the agreed price for the

use of teams and wagons was $70, making in the aggregate $2,751.25, of which $1,761.30 had been paid, $1,000 by Farnandis and $761.30 by Carter, and that there was a balance due of $989.95. A judgment was entered in favor of the plaintiff against Carter for that amount, together with $100 attorney's fees and $1.20, the cost of filing the notice of lien; and the lien was established and foreclosed against the property. The court also found that Carter had paid the plaintiff $761.30 which Farnandis was obliged to repay, and that there was also due him from Farnandis five cents per cubic yard upon the entire yardage of 3,575 yards, or $178.75, making in the aggregate $940. A judgment was entered in favor of Carter against Farnandis for that amount, together with any sum Carter should thereafter be required to pay upon the plaintiff's judgment against him. Farnandis only has appealed, and he will hereafter be called the appellant.

We will first consider the appeal in so far as it affects the plaintiff. The plaintiff contends that, inasmuch as it has no judgment against the appellant, he cannot question its judgment against Carter. The appellant meets this contention by saying that he has given a bond to pay all liens, and that he is the one who will ultimately have to pay its judgment if the lien is upheld. We find no such bond in the record, but we will assume that the statement is correct. We think a better reason for permitting the appellant to question the plaintiff's judgment is that the Carter judgment operates against him for any sum Carter may be required to pay on the plaintiff's judgment.

During the progress of the work, about 1,200 cubic yards of earth slid into the excavation, and this was removed by the plaintiff. The court found that it was agreed that this should be paid for at the same rate per yard as the main body of earth, and the judgment includes it. The appellant contends, (1) that there is no competent evidence of the quantity of this earth; (2) that, under the contract and the evidence,

the duty was on the plaintiff to remove it at his own expense; and (3) that the item of $70 for team and wagon hire is not lienable.

Upon the first question suggested, the evidence is that the plaintiff's foreman on the work gave its manager and bookkeeper daily reports, in the form of slips showing the total number of loads removed daily; that the bookkeeper had examined and totaled them, and they showed that 3,575 yards of earth were excavated. The foreman signed the slips, and his signature was identified. At the close of the trial, the foreman could not be found. It was also shown, that the earth was sold and delivered to a third party; that its foreman delivered a check for each load received; that the plaintiff's bookkeeper checked them with the slips, and that they corresponded. The assistant engineer of the party to whom the earth was sold produced its check, and testified that he took it from the records of its office, and that it paid five cents a load. The slips and checks were admitted in evidence. The check purports to have been drawn by the purchaser in favor of the plaintiff for $64.80. A notation on the back of the check shows that it was drawn in payment of 1,296 loads of earth at five cents a load. It bears the plaintiff's indorsement and is stamped paid. The court found that it was agreed between the plaintiff and the appellant that each load contained two and one-half cubic yards of earth. The evidence was competent to prove the quantity of earth removed. *Pacific Telephone & Telegraph Co. v. Huetter*, 68 Wash. 442, 123 Pac. 607; *Cascade Lumber Co. v. Aetna Indemnity Co.*, 56 Wash. 503, 106 Pac. 158; *Carlisle Packing Co. v. Deming*, 62 Wash. 455, 114 Pac. 172; *Seattle Lumber Co. v. Sweeney*, 43 Wash. 1, 85 Pac. 677; *Lawn v. Prager*, 67 Wash. 568, 121 Pac. 466.

Upon the second point argued, it suffices to say that the evidence is conflicting as to whether the appellant promised to pay for the removal of the earth contained in the slide. We think, however, that the court was right in finding that

it preponderates in favor of the plaintiff. It is argued that, under a proper interpretation of the contract, the duty was on the plaintiff to protect the walls of the excavation against slides, and it is said that the parol testimony shows that there was a general custom to that effect. This we need consider only in weighing the evidence of the promise of the appellant to pay for the overflow of earth. The plaintiff's evidence shows that, when the slide began, the appellant directed it to proceed with the work, saying that he would pay for it and that he would take care of the walls.

The third contention presents only an abstract question. The plaintiff has a judgment against Carter, based upon sufficient evidence, for the value of the use of the teams and wagons. The owner of the property charged with the lien and Carter have not appealed, and Carter has a judgment against the appellant for whatever amount he pays the plaintiff upon its judgment against him.

The appellant makes two principal contentions against the Carter judgment: (1) that the court erred in not striking the counterclaim, and (2) that, if the issue raised by the counterclaim was triable in this action, it was an issue of law, and he was entitled to a jury trial. We think the better view is that, where the original bill presents questions of equitable cognizance, the defendant may have legal relief against the plaintiff, and that the several defendants may cross-plead with each other and have all rights between them germane to the subject of the bill determined. Pomeroy, Code Remedies (3d ed.), § 808; 16 Cyc. 115, 116, subds. c and d; *Haberzettle v. Dearing* (Tex. Civ. App.), 80 S. W. 539; *Biegler v. Merchants' Trust Co.*, 164 Ill. 197, 45 N. E. 512; *Clark v. Lee*, 21 Iowa 274; *Quest v. Johnson*, 58 Mo. App. 54; *Pratt v. Boody*, 55 N. J. Eq. 175, 35 Atl. 1113; *Slack v. Hughes*, 71 Ill. App. 91; *Newton v. Rebenack*, 90 Mo. App. 650. This rule avoids a multiplicity of suits, is in aid of orderly procedure, and is in harmony with the statute. The code, Rem. & Bal., § 406, provides that, when "the justice of the

case requires it," the court may determine "the ultimate rights of the parties on each side as between themselves."

The case of *Haberzettle v. Dearing* is much like the case at bar. That case was prosecuted to foreclose a mechanics' lien. The Home Ice Company having made a contract for the work, later sold the property to one Walter. Both the ice company and the heirs and administrator of the Walter estate were made defendants. The ice company answered, admitting the debt, but alleged that Walter had assumed it. The ice company by cross-bill pleaded that it had paid a stated amount to plaintiff, aside from the amount sued for, for doing the work, and that the Walter estate was liable, and asked judgment against the estate therefor. The contention of the ice company was that, when Walter purchased the plant, he assumed its contract with the plaintiff as an entirety, and became liable for the entire cost of the work. It was held that, as incidental to the suit, the court had power to determine the indebtedness between the parties arising out of the contract. A controversy having arisen between the ice company and Walter as to who was liable to the plaintiff for the debt, it gave Walter a bond with two sureties, conditioned that the bond should be enforceable if it was determined that it was liable for the debt. At the instance of the heirs and administrator of the estate, the sureties on the bond were made parties defendant. It was held that they were proper parties to the action, reversing the trial court in that respect.

Nor was the appellant entitled to a jury trial. The rule is that when a court of equity obtains jurisdiction, it will retain it for a final determination of all the issues, legal as well as equitable, germane to the subject-matter of the bill. *Installment Building & Loan Co. v. Wentworth*, 1 Wash. 467, 25 Pac. 298.

The judgment is affirmed.

Crow, Chadwick, and Parker, JJ., concur.