[No. 14789.   Department One.   July 29, 1918.]

J. M. RESER *et al.*, *Appellants,* v. OTTO LABUDE *et al.*, *Respondents.*[1]

JURY—RIGHT TO JURY TRIAL—EQUITY.  An action to rescind and cancel an exchange of land being of equitable cognizance, and a claim for damages merely incidental, it is not an abuse of discretion to refuse a jury trial, since the verdict would be merely advisory.

CONTINUANCE—GROUNDS—WANT OF PREPARATION.  It is not an abuse of discretion to refuse a second continuance where, upon plaintiffs' first application, conditions were imposed and plaintiffs, on the day set, refused to comply with the conditions, expecting the case would be dismissed, and were therefore not prepared for trial when the adversary waived the conditions; it further appearing that some of the witnesses were in the city and most of them in the county and opportunity was offered to subpoena them.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered June 27, 1917, dismissing an action in equity, upon plaintiffs' failure to prosecute.   Affirmed.

*J. W. Brooks,* for appellants.

*Sharpstein, Smith & Sharpstein* and *E. L. Casey,* for respondents.

TOLMAN, J.—This is an action brought to rescind an exchange of lands, to set aside and cancel the deeds executed in consummating the exchange, to cancel and set aside a mortgage given by the appellants in the transaction, and to recover incidental damages, all on the ground of misrepresentation and fraud.

A demand for a jury trial was made, which was refused, and the cause was set for trial before the court for the 19th day of June, 1917.   Thereafter the appellants made an application for a continuance, upon the

[1]Reported in 173 Pac. 1093.

ground that counsel would be required to be in the state of North Dakota on June 17th, and that the appellant J. M. Reser was engaged in planting wheat in Canada, and could not return for the trial at the time set without greatly sacrificing or endangering his crop in Canada. Whereupon the court made an order continuing the case to June 27, 1917,

"Upon condition, however, that the plaintiffs shall have no right to proceed in said cause and that it shall be a condition of their right to further proceed herein that they shall pay to the defendants or to the clerk of the court for their benefit the per diem fees and the mileage of all of the witnesses of the defendants now in attendance upon this trial, and in addition thereto the sum of $50, and that unless the same shall be paid on or before said 27th day of June, 1917, the plaintiffs shall have no right to proceed further with this cause."

The cause was called for trial on June 27th, whereupon counsel for respondents objected to the cause proceeding to trial because "the plaintiffs had not complied with the order of continuance made in said cause on the 17th day of June, 1917, in that said plaintiffs had not paid the sum of $50 and the witness fees and mileage in accordance with the said order of continuance." Counsel for the appellants refused to comply with the said order or pay the costs as therein directed, and thereupon counsel for the respondents waived the payment of the $50 specified in the order, and consented that the witness fees referred to therein should abide the result of the trial; and announced that they were ready to proceed with the trial. After some discussion, the court directed the appellants (plaintiffs below), to proceed with the trial, and a request was made for time to make a showing for a further continuance, upon the ground that, anticipating that the court and opposing counsel would stand by the order previously made, the appellants did not come at that

time prepared to try the case. It appears that the appellant J. M. Reser was in court with his counsel, that some of the witnesses were in the city of Walla Walla, and most of them within the county. The court offered an opportunity to issue subpoenas for the witnesses, and directed the appellants to proceed with the trial, and upon their refusal so to do, dismissed the action. From the judgment of dismissal, this appeal is taken; and error is assigned upon the refusal of the demand for a jury trial, and upon each step taken in the case, including the entry of the judgment of dismissal.

The action being one to rescind and cancel an exchange of lands, and to cancel deeds and a mortgage, is unquestionably one of which equity has sole cognizance, and the claim for damages is but incidental thereto. The verdict of a jury would be advisory only, and there was no abuse of discretion in denying a jury trial. *Maher & Co. v. Farnandis,* 70 Wash. 250, 126 Pac. 542.

We need not consider whether or not the court erred in fixing the terms upon which the continuance to June 27th was granted, because the respondents waived such terms in open court, and the only question to be decided is whether or not the court abused its discretion in refusing a further continuance on June 27th, after the waiver of the terms. As we read the record, before the waiver of the terms of the order of continuance, the appellants conceiving that the court had committed reversible error in making such order, were attempting to lead the court to dismiss the action for noncompliance with such terms, apparently preferring to appeal on that comparatively trivial matter rather than to proceed to trial on the merits, though both counsel and client, whose absence was the basis of the prior continuance were present; and no reason ap-

pears why they could not have preserved an exception to the supposed error and proceeded with the trial. If the terms imposed appeared to be so clearly erroneous to appellants, they should have anticipated that the court and opposing counsel would also discover the error, and rectify it by revoking the order or waiving its terms, as was done, and should have been prepared to proceed in that event. Since both counsel and client were in court, and a number of other witnesses were in the city of Walla Walla, and no statement (much less showing) was then made that by means of the telephone or telegraph the necessary witnesses could not all have been procured as soon as needed, we see no abuse of discretion by the trial court. The case is peculiarly one in which the trial court should use the discretion with which the law clothes him, and since he did exercise that discretion properly and without abuse, the judgment must be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and PARKER, JJ., concur.