[Filed December 23, 1886.]

## ALICE H. DODD v. S. W. DODD.

DIVORCE—PLEADING—COUNTER CLAIM.—In a suit for divorce, the defendant may, in an answer in the way of a cross bill or counter claim, demand and obtain the affirmative relief of a divorce, when shown to be entitled thereto.

LINN COUNTY.   Defendant appeals.   Affirmed.

*Weatherford & Blackburn*, for Appellants.

*Flinn & Chamberlain*, for Respondent.

LORD, C. J.—The plaintiff brought a suit for divorce. The defendant answered, denying the charges alleged, and setting up by way of counter claim certain alleged charges against the plaintiff, for which he demanded affirmative relief. The plaintiff replied, denying the alleged counter claim. Issue being thus joined, the evidence was taken, and a trial had, which resulted in a decree dismissing the complaint of the plaintiff, and also the counter claim or cross bill of the defendant. To the dismissal of the cross bill of the defendant, which asks for affirmative relief, viz, a divorce, this appeal is taken.

The only legal question presented is, whether an answer in the nature of a cross bill, asking for affirmative relief, is allowable under the code. Unless it is, the defendant has no ground for appeal. The right is claimed to exist by force of section 389 of the code, which provides that " the counter claim of the defendant shall be one upon which a suit might be maintained by the defendant against the plaintiff in the suit; and in addition to the cases specified in the subdivisions of section 72, it is sufficient if it be connected with the subject of the suit." This provision, as a whole, is quite similar to section 150 of the New York code. In *B.* v. *B.*, 11 N. Y. Legal Obs. 350, it was held after a full and careful consideration, that such an answer was a counter claim, within the provisions of section 150 of the New York code; and this was approved in an anonymous case, 17 Abb. Pr. 48, as correct in principle and satis-

factory in reasoning.   Subsequently, however, the doctrine of
*B.* v. *B.*, *supra*, was disapproved by a majority of the court,
in *R. F. H.* v. *S. H.*, 40 Barb. 10.   But it would seem now,
that the practice is settled in that state, to allow an answer in
the nature of a cross bill, for the purpose of obtaining affirma-
tive relief.

In *Campbell* v. *Campbell*, 12 Hun 636, it is said : " There
is no good reason why this right should not exist, and many
why it should.   The proceedings in this class of cases are *sui
generis*.   And when the pleadings present issues of this kind,
and in the form presented in this case, each party is an *actor*,
and cannot be deprived without his or her consent of the right
to pursue affirmative relief."   (See also, *Bleck* v. *Bleck*, 27
Hun  296 ;  2 Abbott, Forms, 169, Form 1089.)

Mr. Bishop says :  " The practice of bringing in a cross bill
by the defendant against the plaintiff, to aid the defense, and
likewise obtain affirmative relief, may be resorted to in these
divorce cases, as well as in any other.   This way is open to the
defendant, equally whether the proceeding is by bill in equity,
by libel corresponding to the ecclesiastical libel, or by a stat-
utory complaint."    (2 Bishop on Mar. & D., Sec. 316.)

It seems to us that the language of Sec. 389, *supra*, is broad
enough to authorize the defendant in a suit of this kind to put
in an answer by way of counter claim, not only for the purpose
of defeating the plaintiff's right of suit, but also for the pur-
pose of obtaining affirmative relief as prayed for.   To compel
the defendant to bring a new suit, and go over the same evi-
dence, which could be as well given in the existing action,
would be vexatious, and, in fact, unnecessary.   On the other
hand, to allow such an answer, the rights of the parties could
be adjusted in one suit, and much inconvenience and delay
avoided.   It is always desirable that there be as speedy a de-
termination of litigation as is consistent with a proper exami-
nation and consideration of the case.   A suit in equity under
our system is necessarily more protracted than an action at
law, and whatever can be done to adjust speedily the rights
of the parties, consistent with the law, and put an end to the

litigation, ought to be done. We think section 389, which applies to suits in equity, authorizes such an answer by way of counter claim, not only to defeat the suit of the plaintiff, but to obtain affirmative relief. The matter set up by the defendant as a counter claim was such as he could have maintained a suit upon against the plaintiff, and is within the purview of the provision referred to. It is due, however, to say that heretofore Judge Thayer has entertained opposite views, but is inclined to concur in thinking now that the view expressed is the proper one. Upon the facts of this case we are unable to discover any error in the result reached by the court below, and deem it unnecessary to encumber the record with any notice of the facts. The decree must be affirmed.