[No. 1538. Decided April 8, 1895.]

CHARLES HILL, *Respondent*, v. W. E. FRINK *et al.*, *Respondents*, D. C. HAYES *et al.*, *Appellants*.

PLEADING — CROSS COMPLAINTS.

In an action to foreclose a laborer's lien on a certain quantity of wheat upon which it was alleged that a number of defendants had, or claimed, a lien, one defendant is not entitled to set up by cross complaint that a co-defendant converted the property to his own use to the cross complainant's damage, as such claim relates to matters not embraced in the original complaint.

*Appeal from Superior Court, Lincoln County.*

*Higgins & Martin,* and *John C. Kleber,* for appellants.

*N. T. Caton,* and *Merritt & Salisbury,* for respondents Gehres & Hertrich.

The opinion of the court was delivered by

ANDERS, J.—This was an action to foreclose a laborer's lien on a certain quantity of wheat owned by the defendant, W. E. Frink. The defendants, other than W. E. Frink and Gehres & Hertrich, claimed similar liens on the same wheat, which they asked to have foreclosed. Each of them filed a separate answer with which was incorporated a cross complaint, so-called, against the defendants Gehres & Hertrich, who, it appears held a chattel mortgage on the grain in controversy, alleging, in brief, that said co-defendants unlawfully took possession of said wheat and proceeded to foreclose their chattel mortgage, regardless of defendant's prior lien, and caused said wheat to be sold at public sale to parties unknown to defendant, and thereupon, without accounting to defendant, or payment to him for his work and labor performed in

harvesting and threshing said wheat, converted the proceeds thereof to their own use; and praying the court to adjudge that he have a preferred and prior lien upon the moneys converted to their use by said Gehres & Hertrich arising from the sale of said wheat, and that he have and recover from the said Gehres & Hertrich upon said lien, and for the conversion of said wheat and for the proceeds thereof, the amount due for his said work, the cost of preparing, filing and recording his lien, and $25 as attorney's fees and costs.

The court entered a decree, as prayed, in favor of these several defendants and against the defendant W. E. Frink, but dismissed the cross complaint against Gehres & Hertrich on the latter's motion. And the only point made on this appeal, is that the granting of this motion was error.

It is insisted on behalf of the appellants that their respective answers and cross complaints stated facts constituting a valid cause of action against Gehres & Hertrich, and that it was the duty of the court to determine the issues thus tendered and not to summarily turn them out of court and thus compel them to seek redress in an independent action. On the other hand these respondents claim that the cross complaints were properly dismissed for the reason that they set up new matters in no way connected with, or dependent upon, the cause of action stated in the original complaint. We think the position of the respondents is well taken, as it is in accord with both law and reason. While it is true that the court may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves (Code Proc., § 407,) and that one defendant may, by cross complaint, in a proper case, seek affirmative relief from a co-defendant, it is also true that the cause of action

stated in the cross complaint must arise out of, or relate to, the subject matter of the original action. Bliss, Code Pleading (3d ed.) § 390, and cases cited.

Now, the object of this action was simply to foreclose a laborer's lien on property upon which it was alleged the appellants and the respondents Gehres & Hertrich had, or claimed a lien. The validity and priority of these claims were proper questions for the court to determine. But whether Gehres & Hertrich converted the property to their own use, to the damage of appellants, and, if so, whether they were liable to respond in damages by reason thereof to appellants, were matters not embraced in the original complaint, and which therefore did not constitute a proper subject of cross complaint. The proper office of a cross complaint is admirably illustrated and defined by Mr. Justice NELSON in *Ayres v. Carver*, 17 How. 594, as follows:

"A cross bill is brought by a defendant in a suit against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill. It is brought either to obtain a discovery of facts, in aid of the defense to the original bill, or to obtain full and complete relief to all parties, as to the matters charged in the original bill. It should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject matter of an original, independent suit. The cross bill is auxiliary to the proceeding in the original suit, and a dependency upon it."

Tested by the authorities, the judgment of the court below was right.

Owing to the views already expressed as to the merits of this case, it is unnecessary to discuss or de-

termine the points raised by respondents' motion to dismiss the appeal.

The judgment is affirmed.

HOYT, C. J., and GORDON and DUNBAR, JJ., concur.