[No. 4103. Decided February 25, 1902.]

MINNIE K. SCHONBORN, *Respondent,* v. LOUIS K. SCHONBORN, *Appellant.*

HUSBAND AND WIFE — ACTION FOR MAINTENANCE — ABANDONMENT — SUFFICIENCY OF COMPLAINT.

In an action for separate maintenance, the allegation in the complaint of abandonment of the wife by the husband is sufficient, when it states that the defendant several months prior to the commencement of the action, without cause or provoca-

tion, left the plaintiff, and has ever since and still does refuse to live and cohabit with her, and maintains that he will never live with or support her.

SAME — LENGTH OF ABANDONMENT.

The abandonment upon which an action for separate main-tenance is based need not have continued for the period of one year nor for any other fixed time in order to warrant the action.

SAME — REFUSAL TO SUPPORT — EVIDENCE.

In an action by the wife for separate maintenance, the evi-dence is insufficient to establish the failure of the husband to support her, when there was no evidence of neglect to furnish support, or express refusal so to do, or that the wife was left in want of any necessary and usual requirement of one in her posi-tion in life, and the only facts shown tending to establish plain-tiff's case were that the husband refused to live with his wife, wanted her to get a divorce and refused to allow her to contract for groceries on his credit, while the evidence shows that even after abandonment he gave her a sum of money amply sufficient for her present needs, and there was nothing to show that he did not intend to continue her a periodical allowance.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Reversed.

*James J. McCafferty* and *John F. Dore,* for appellant.

*Bennett, Whitham & Lund,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This action was brought by respondent against appellant for separate maintenance. Upon the trial the court entered a decree requiring appellant to pay to respondent the sum of $40 per month for her support. From this decree defendant appeals, alleging several er-rors. The first is that the complaint does not state a cause of action. The complaint, after alleging the marriage on October 18, 1900, and residence in the state for more than one year, reads as follows:

"3.   That from the 18th day of October, A. D. 1900, they continued to live and cohabit together as man and wife in this state, till January 1, 1901, when the defendant, without cause or provocation, left said plaintiff, and ever since has and still does refuse to live or cohabit with her, and maintains that he will never live with nor support her; that she has no property or income or means of support, and is wholly dependent upon said defendant; that the said defendant is a strong, able-bodied man, possessing large means, amounting to $45,000, besides valuable mining property in Alaska; that notwithstanding, however, said defendant has refused, and still does refuse, to make suitable provisions for said plaintiff or any provision and threatens to leave the state leaving plaintiff in a destitute condition."

It is claimed that there is no allegation of abandonment. The complaint as above quoted clearly states that the defendant, on January 1, 1901, without cause or provocation, left the plaintiff, and has ever since and still does refuse to live and cohabit with her, and maintains that he never will live with nor support her.   This allegation is sufficient.   It certainly states facts which show an abandonment.   It is not necessary that the abandonment shall continue for a year, as contended for by appellant, or for any other fixed period of time.   It is settled in this state that courts have jurisdiction to grant separate maintenance to the wife without divorce.   To maintain the action, it is sufficient for the complaint and the facts to show an abandonment without cause, and a neglect or refusal on the part of the husband, having ability, to support his wife, or such neglect as amounts to refusal.   *Kimble v. Kimble,* 17 Wash. 75 (49 Pac. 216); *Branscheid v. Branscheid, ante,* p. 368.

It is next alleged as error that the court denied appellant's motion for a non-suit at the close of respondent's

evidence, and also denied a motion to dismiss at the close of all the evidence in the case. This question involves a consideration of the evidence. As shown by the record, plaintiff testified as follows (we quote her evidence in full) :

"That she was married to the defendant, Louis K. Schonborn, about the 18th day of October, 1900; that immediately after their marriage they left Seattle on their wedding-trip, and were absent for the period of about five weeks; during that period the relations between the plaintiff and the defendant were harmonious; that on or about the 26th of November, 1900, they returned to the city of Seattle and took up their residence with the mother of the plaintiff; that from said last mentioned date until about the first day of January, 1901, the plaintiff and the defendant continued to reside with the plaintiff's mother; that during said last mentioned period there was no serious trouble or difference arose between said parties, other than minor differences over matters arising in connection with the household, such as the servant, the defendant's conduct at table, and in regard to the deference to be shown to the plaintiff's mother; that on the day mentioned, to-wit, the 1st day of January, 1901, the defendant, without notice to the plaintiff, left the place where they had been residing, and took with him his trunk and personal effects; that thereafter on two separate occasions the plaintiff and defendant met and discussed the question of again living together, the defendant maintaining that he would not return to reside in the house of the plaintiff's mother, but was willing to establish a home elsewhere in the city; that on the second of these occasions the defendant gave the plaintiff the sum of fifty dollars; that thereafter, on the 24th of January, the plaintiff and defendant were brought together in the office of the plaintiff's attorney, and for a period of about four hours discussed their troubles and differences, and endeavored to effect some solution of them; that at that meeting the defendant refused to return and live with the plaintiff, either at the house of her mother or

elsewhere, and suggested to her that she take steps to secure a divorce; that thereupon the meeting broke up, and on the day following, to-wit, the 25th day of January, 1901, the summons and complaint in this action were served upon the defendant; that prior to the marriage of the plaintiff and defendant the defendant stated to the plaintiff that he was possessed of the sum of twenty-five hundred dollars in cash, and subsequent to their marriage he admitted to her that the first statement was not correct, and that he in fact owned about thirty-five hundred dollars in cash; that from other sources she learned that he was worth in property and cash about forty thousand dollars."

On cross-examination plaintiff testified that she was 37 years of age, but denied generally that there had been serious trouble or difficulty between herself and the defendant; that she had devoted her time to house-keeping, with some assistance from the defendant, and that no complaint had been made by her against him, and she wasn't aware of any complaint that he had to make against her, and that she had been supporting herself prior to her marriage; had been employed as stenographer, and had supported herself.

W. H. Murphy testified as follows:

"That on the morning of the 1st of January the defendant came to his place of business in the town of Fremont, near where the parties were then residing, and stated that he was going away, and for the witness not to furnish any more groceries to his wife on defendant's credit; that the hour was about seven a. m. and at that time was snowing hard."

The remaining witnesses for plaintiff testified that plaintiff and defendant during the time they were living together "seemed to get along smoothly and happily." The gist of this character of action is the failure of the husband to perform a legal duty he owes to his wife, viz., to sup-

port her. This failure of the husband may be shown in one of two ways: First, by an express refusal; or, second, by such neglect as would amount to a refusal. There is no evidence of express refusal in this case. The evidence, viewed in its most favorable light for the respondent, is that on January 1, 1901, without notice to her and without cause, the appellant left the place where they had been residing, and took with him his trunk and personal effects, and refused to return and live with respondent. On the same day he notified the grocer not to furnish any more provisions on his account. On January 24th, appellant suggested to respondent that she take steps to secure a divorce. Prior to this time he had given her $50 in money. On the 25th day of January this action for separate maintenance was begun. This evidence shows that appellant refused to live and associate with respondent, and also that appellant desired respondent to procure a divorce from him. It also shows that appellant had withdrawn financial credit on his account. These facts with nothing to the contrary may have been sufficient to sustain the action, if the plaintiff had shown no other means of support, and that she was wholly dependent upon her husband, and was therefore compelled to live upon the charity of strangers, or even relatives, or if the evidence had disclosed a necessity for credit or money with which to procure the usual requirements of a person occupying her position in life, which money or credit had been refused her. But there is no such showing in this case. There is no evidence of neglect to furnish support; no evidence of the want of any necessary requirements. On the other hand, the appellant, after the abandonment, gave the respondent $50 in money, and, for all that appears in the record, this was amply sufficient for her present needs. There was nothing to

show that he did not intend to continue her a periodical allowance. The mere facts that a man refuses to live with his wife for a period of twenty-five days, and refuses to allow her to contract debts for groceries on his account, and desires her to have a divorce from him, cannot be held to be proof that he refuses to provide for her, especially where he has contributed money which may be sufficient for her support, in her usual style of living, during that time. The findings of the court upon the question under discussion are as follows:

"4. That on the first day of January, 1901, the defendant left and abandoned said ·plaintiff without making any provision for her support except as hereinafter stated, and without sufficient cause or provocation; that the plaintiff has limited means of support; that the defendant is an able-bodied man, and possesses means to support said plaintiff in a proper manner. . . ."

"7. That during the said period of separation, to-wit, between the first and twenty-third days of January, 1901, the defendant paid the plaintiff the sum of $50.

"8. That $40 per month is a reasonable sum to be allowed plaintiff for her maintenance and support."

There is no finding in the record of the trial court that the defendant at any time refused or neglected to provide maintenance for the plaintiff, and we conclude that such was not the fact. The learned trial court seems to have assumed that where there is abandonment without suitable provision having been first made the action will lie, but such cannot be held to be the rule. In some states, where the courts have jurisdiction to award alimony to the wife without divorce, it is held that a decree cannot be made to operate upon specific property, but must be for a periodic allowance. 1 Bishop, Marriage, Divorce & Separation, § 1415; Stewart, Marriage & Divorce, § 179; 1 Enc. Pl. & Pr., p. 410; *Murray v. Murray,* 84 Ala. 363 (4 South.

239); *Lockridge v. Lockridge,* 28 Am. Dec. 52 (3 Dana, 28); *Almond v. Almond,* 15 Am. Dec. 781 (4 Rand. 662).

Certainly courts, in the absence of statutory provisions, have no jurisdiction to maintain the action simply because a husband who has abandoned his wife has not provided an annuity for her support, or has not delivered into her possession a portion or all of his property. When there is a refusal to provide the necessary support, either before or after a decree of the court requiring such support to be given, the court may, in a proper case, enforce obedience in some adequate and substantial way. *King v. Miller,* 10 Wash. 274 (38 Pac. 1020); *Trumble v. Trumble,* 26 Wash. 133 (66 Pac. 124). But until refusal appears the court may not presume such to exist.

In arriving at our conclusion in this case we have not considered the evidence of the defendant below, and have given the most favorable construction possible to the evidence of the plaintiff. The defendant, however, testified that he did not intend to abandon his wife; that he only refused to live with her at the home of her mother; that he requested her to live at some other place with him, which she refused to do; that, in addition to the $50 mentioned, he offered her $25, which she refused to take.

For the reason that no refusal to provide for respondent was shown, the court should have sustained the motion to dismiss. The cause is therefore reversed, with instructions to the lower court to dismiss the action.

REAVIS, C. J., and HADLEY, ANDERS and WHITE, JJ., concur.

FULLERTON, J., concurs in the result.

DUNBAR, J., dissents.