Shohl, J.
Henry A. Klein sued The J. W. 'Biles Company, alleging that he had purchased ninety-five barrels of whiskey, and paid for. them, and the warehouse receipts which were delivered to him were fraudulent and invalid. Louis Moeser, as liquidating trustee of the Biles company, filed an answer, alleging among other things that the Biles company was merely acting as agent for the Republic Distributing Company, as plaintiff knew. He also filed a cross-petition against the Republic Distributing Company, praying that if the receipts were invalid, as claimed by plaintiff, the Republic Distributing Company be held liable to plaintiff.
After a lapse of eighteen months the Republic Distributing Company demurred to the cross-petition, and the demurrer was sustained.
Thereafter an amended cross-petition was filed containing further allegations, but praying for substantially the same relief. To this a demurrer was again filed and was sustained.
The case of Klein v. Moeser, Trustee, was heard, and judgment rendered in favor of the plaintiff, the court finding that the warehouse receipts were illegal.
After the rendition of that judgment, the trustee again asked leave to file an amended and supplemental cross-petition against the Republic Distributing Company. It was of a similar character to the earlier cross-petitions, showing in substance *358 that as between the Republic Distributing Company and Moeser, trustee, the relation of principal and agent existed, and also alleging an express agreement,to protect the Biles company from liability. It also alleged that judgment had been rendered, and paid by Moeser, trustee, and asked judgment against' the Republic Distributing Company for the amount paid and interest. The court refused permission to file the pleading, and dismissed the action as to the Republic Distributing Company. This action of the court is now complained of in these error proceedings.
Plaintiff in error relies upon Section 12206, General Code, which provides that a surety may maintain an action against his principal to compel him to discharge the debt or liability for which the surety is bound, after it becomes due.
Defendant' in error contends that a defendant in a suit can not inject into the action a controversy between himself and an outsider, whose presence is not essential to the complete determination of the controversy between the parties who are already before the court. It may be that there is no decision by the supreme court of Ohio which conclusively adjudicates the question at issue.
An examination of the courts of last resort' of other states shows the trend of judicial thought in respect to similar questions arising upon code provisions substantially similar to the Ohio law.
In Indiana a party defendant may not by cross-complaint bring in new parties in order to litigate matters wholly between themselves, and which can not affect the right of the plaintiff to recover in *359 his complaint. Hunter v. First National Bank, 172 Ind., 62, and cases cited.
Although the California code provides that “whenever the defendant seeks affirmative relief against any party to the action, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may * * * file * * * a cross-complaint,” a defendant is not authorized' to bring in new parties by way of cross-complaint. Clark v. Kelley, 163 Cal., 207, and Alpers v. Bliss, 145 Cal., 565. See also American Exchange Bank v. Davidson, 69 Minn., 319; Joyce v. Growney, 154 Mo., 253; Bliss v. Winters, 40 N. Y. App., 622; N. Y. Life Ins. & Trust Co. v. Cuthbert, 87 Hun, 339 (affirmed, 148 N. Y., 742), and Hill v. Frink, 11 Wash., 562.
The foregoing are in harmony with the decision of Judge Gorman in The Kidder Press Co. v. The United Wrapping Machine Co., 8 N. P., N. S., 369. Learned counsel for plaintiff in error urge that Judge Gorman’s opinion is based upon a misconception of the decision of the supreme court in Wilkins v. The Ohio Natl. Bank, 31 Ohio St., 565, which he regards as disapproving the decision by Judge Storer in the case of Resor v. M’Kenzie, Sterrett & Co., 2 Disney, 210.
In the case of Wilkins v. Bank, the court says, at page 567:
“It is contended, however, that where the- holder of such an instrument elects to sue the surety alone, that such surety may, by cross-petition, bring in his principal, and then demand the protection prescribed in this section. The right of the surety in *360 such case to thus bring in his principal, is sought to be worked out through the provisions of Section 500 of the code, which reads as follows: ‘A surety may maintain an action against his principal to compel him to discharge the debt or liability for which the surety is bound, after the same becomes due.’
“Clearly, this section contemplates an original action.”
It may be that the foregoing was really a dictum in the case, as it does not appear in the syllabus. It is in accordance with the practice in a majority of other states. In our opinion, it affords the better rule.
Sections 11255 and 11262, General Code, provide (for bringing in new parties. The persons so brought in must be persons whose presence is essential to the determination of the controversy before the court.

Judgment affirmed.

Jones, P. J., and Hamilton, J., concur.