[No. 15126.   Department One.   April 2, 1919.]

GEORGE E. LARSON, *Appellant*, v. SARAH LARSON, *Respondent*.[1]

HUSBAND AND WIFE (106) — SEPARATE MAINTENANCE — EQUITY POWERS.  A suit for separate maintenance may be prosecuted under the general equity powers of the court independently of the divorce statute.

DIVORCE (23-1, 68)—CROSS-COMPLAINT—SEPARATE MAINTENANCE— DENIAL OF DIVORCE.  In an action for divorce, affirmative relief may be granted on a cross-complaint for separate maintenance, as arising out of or relating to the subject-matter of the original action.

Appeal from a judgment of the superior court for Clarke county, Mackintosh, J., entered March 28, 1918, upon findings in favor of the defendant, in an action for divorce, tried to the court.  Modified.

*Walter G. Hayes* and *Miller & Wilkinson*, for appellant.

*Willametta McElroy* and *George S. Shepherd*, for respondent.

CHADWICK, C. J.—Appellant brought action for divorce.  Respondent answered, denying generally, and setting up by affirmative answer that appellant had been guilty of cruel and inhuman conduct toward respondent, nonsupport, and that appellant was an able-bodied man capable of earning four and one-half dollars per day.  She prayed that a divorce be denied and that she be allowed her attorney's fees, a sum in gross, and forty dollars a month as permanent support.  After a trial, the court decreed that the appellant's cause of action should be dismissed, and that he pay attorney's fees and thirty-five dollars each and every month as permanent support.

[1]Reported in 179 Pac. 841.

Appellant is standing upon the two propositions that the evidence is not sufficient to support the decree, and that the court was without jurisdiction to enter a money judgment for maintenance. We have read the record and are quite satisfied that the court's decree is sustained by sufficient competent evidence.

It is said that, whereas, the court may, pending an action for divorce, make such interlocutory orders as may be necessary to enable a wife to properly prepare for trial (Rem. Code, § 988), and may, if a divorce be granted, make such disposition of the property as may be just and equitable, and may grant alimony (Rem. Code, § 989), there is no statute warranting a decree for maintenance if a divorce be denied.

Whether in good reason or in bad reason (2 Bishop, Marriage, Divorce and Separation, §§ 1393-1400), this court has held that a suit for separate maintenance may be prosecuted independently of the divorce statute, and that such an allowance may be made under the general equity powers of the court. *Kimble v. Kimble*, 17 Wash. 75, 49 Pac. 216; *State ex rel. Young v. Superior Court*, 85 Wash. 72, 147 Pac. 436; *Herrett v. Herrett*, 60 Wash. 607, 111 Pac. 867.

The right of action being established, we have no hesitation in holding that a cause of action for separate maintenance may be set up in answer to a suit for divorce, and as an incident to a prayer that the divorce be denied, the court may enter a judgment upon the affirmative issue tendered by the answer. Rem. Code, § 273. And this, whether the plaintiff's cause of action be regarded as arising in statutory confirmation of the ecclesiastical law, or as a purely equitable action under our system of jurisprudence, as some courts have held. Good pleading may demand that the cause of action for separate maintenance be separately stated, but with that question we are not

now concerned. No motion was directed to the answer.

In *Huff v. Huff*, 73 W. Va. 330, 80 S. E. 846, 51 L. R. A. (N. S.) 282, the husband brought suit for divorce. The wife answered, putting in issue all the material allegations of the complaint, followed by matter upon which a prayer for an allowance for "alimony by way of affirmative relief" was predicated. The court made no question of its right to grant the relief prayed for.

*Wadsworth v. Wadsworth*, 81 Cal. 182, 22 Pac. 648, 15 Am. St. 38, was an action for the annulment of a marriage. Our divorce statutes cover annulment as well as divorce, and the reasoning upon the one action would apply equally to the other. The question was whether the defendant could maintain a cross-suit for divorce and have affirmative relief. The opinion shows much research of the authorities. Among other cases relied on, was *Dodd v. Dodd,* 14 Ore. 338, 13 Pac. 509, where the court found sanction for the practice under the statute allowing the plea of a counterclaim. The Oregon statute is in legal effect the same as subdivision 1, § 265 of Remington's Code. Chief Justice Lord is quoted as follows:

"To compel the defendant to bring a new suit and go over the same evidence, which could be as well given in the existing action, would be vexatious, and, in fact, unnecessary. On the other hand, to allow such an answer, the rights of the parties could be adjusted in one suit, and much inconvenience and delay avoided. It is always desirable that there be as speedy a determination of litigation as is consistent with a proper examination and consideration of the case."

The court then continues:

"The prevalence of the practice in other jurisdictions is very persuasive of its convenience and effi-

ciency. And that it is convenient and safe would seem
to result from general principles. Why should not all
the marital difficulties of a couple be adjusted in a
single suit? A suit for divorce under our system has
been held to be a suit in equity. (*Lyons v. Lyons,* 18
Cal. 448; *Sharon v. Sharon,* 67 Cal. 185.) Is there any
principle of equity which favors litigation by piece-
meal? In the majority of cases, if affirmative relief
can be granted to the defendant at all, it can be
granted upon the evidence introduced upon the issues
raised upon the complaint, or at all events such evi-
dence is pertinent and material upon the cross-de-
mand. In such cases, what useful purpose would be
subserved by compelling the defendant to face the
expense and delay of another suit in which substan-
tially the same evidence is to be introduced? It has
long been usual in this state to have such relief on
cross-complaint.''

While we have no statute expressly authorizing
cross-complaints in any suit or action, we have con-
sistently held that a defendant may ask affirmative
relief by way of cross-complaint where the cause of
action stated in the cross-complaint arises out of, or
relates to, the subject-matter of the original action.
*Hill v. Frink,* 11 Wash. 562, 40 Pac. 128. And affirma-
tive relief has more than once been granted upon a
cross-complaint in divorce actions. *Richardson v.
Richardson,* 36 Wash. 272, 78 Pac. 920; *Powell v.
Powell,* 66 Wash. 561, 119 Pac. 1119. This being the
state of the law and practice in this state, it would
strain the resources of the court to hold that respond-
ent should be denied the right to demand and receive
affirmative relief in a matter arising out of and re-
lated to the contract, transaction, subject-matter, or
whatever it may be called, set up in the complaint.

Appellant relies on *Schonborn v. Schonborn,* 27
Wash. 421, 67 Pac. 987. That was an action for main-

tenance.  The question before us was not involved or discussed.

We do think, however, that the decree should be so modified that the appellant may, if conditions change, petition the court for a modification of the decree or for an absolution if the court should be satisfied upon sufficient showing that the allowance should not be longer continued.  It is so ordered.

Affirmed with directions.

HOLCOMB, TOLMAN, MAIN, and MITCHELL, JJ., concur.