[No. 19723.  Department Two.  March 25, 1926.]

SAM MILLER, *Appellant*, v. JOE W. LEWIS, *as Adminis-*
*trator of the Estates of Mabel L. Prill et al.,*
*Deceased, Appellant*, WILLIAM F. PRILL,
*Respondent.*[1]

[1] PARTIES (40)—PLEADINGS (64)—INTERVENTION—PROCEEDINGS IN
CAUSE AFTER INTERVENTION—CROSS COMPLAINT.  Where a father,
claiming the estate of his minor children, intervened in a suit
against the administrator for necessaries furnished to the
minors, the claimant and administrator may cross-complain to
charge the father with his duty to pay for the necessaries
furnished.

[2] DIVORCE (98)—PARENT AND CHILD (4-1)—SUPPORT AND EDUCATION
OF CHILD—LIABILITY OF DIVORCED PARENT.  Where a decree of
divorce against a husband beyond the jurisdiction of the court
does not relieve him of the responsibility, he is liable for the
amount of necessaries furnished to his minor children.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered June 12, 1925,
upon findings in favor of the defendant, in an action for
necessaries furnished minor children, tried to the court.
Reversed.

*Barker & Barker,* for appellant Miller.

*C. C. Upton,* for appellant Lewis.

*Reynolds, Ballinger & Hutson* and *Douglas T. Bal-*
*linger,* for respondent.

MACKINTOSH, J.—The respondent and Mabel Miller,
the daughter of the appellant, were married in Mon-
tana in 1909, and there resided together for more than
two years, during which time a son was born.  In
April, 1912, the mother and infant son, through the
cruelty and threats of the respondent, were compelled

[1]Reported in 244 Pac. 400.

to leave Montana and take refuge in the home of her parents, near Spokane in this state. The mother and child were without means, and in June, 1912, at her parents' home, a daughter was born; and thereafter the mother and two children continued to make their home with the appellant and his wife. The mother worked at odd jobs for several years, and finally in 1918 took up school teaching in country districts remote from her parents' home. In 1921 she obtained a divorce decree from the respondent, in which she was given the custody of the two children. During all these years her children were taken care of, clothed, fed, and all their personal wants provided for by the appellant and his wife.

After the mother began to teach school, she would occasionally have one or both of the children with her for short periods. In April, 1924, while crossing a railroad track in an automobile, the mother and two children were killed, the mother dying instantly, the little boy surviving the accident for less than an hour, and the little girl surviving her brother by a quarter of an hour. Just prior to her death the mother had taken out a $5,000 life insurance policy, making her children the beneficiaries. Administration was started upon the estates of the mother and two children jointly, and the administrator collected the insurance money. The appellant duly filed a claim against the estates for the sum of $3,680, being $1,865 for the care, board, keep and support furnished the boy, and $1,815 for similar services to the girl.

The claim was approved by the administrator, but rejected by the court, and within the statutory time this action was begun, and the father of the children intervened, claiming that the insurance money had belonged to the minor children and asserting his right to it as

their heir. The appellant cross-complained, seeking to recover from the respondent personally the sum of $3,680 as the reasonable value of the care, board, keep and support furnished by the appellant to the respondent's minor children. The appellant administrator also cross-complained to recover from the respondent one-half of the expenditures and obligations incurred by the mother for the care, maintenance and support of their minor children. From a judgment in respondent's favor, this appeal has been taken.

After the mother separated from the respondent, he continued to live in Montana for some time, until he removed to the Philippine Islands, where he now resides. From 1912 to 1924 he contributed nothing toward the support of his children or his wife, except that she received a small sum sent to her by the government as a war allotment during her husband's service in the World War. At the time the divorce was obtained, the respondent was outside the jurisdiction of the courts of this state, and consequently no provision was made in the decree for a contribution from him for the support of his children.

[1] The respondent having voluntarily intervened in an action begun by the appellant to secure from the estates of his grandchildren recompense for the amount expended by him in supporting and taking care of them, made it proper for the appellant to impress upon the respondent the liability which was his by virtue of the fact that he was the father of two dependent minors. And, if liability exists on the part of respondent to recompense his erstwhile father-in-law for his outlay in taking care of the respondent's children, it may be enforced in this action where the respondent is claiming to take the estate of those children as their heir. All the matters at issue arise out of one

situation and are the outgrowth of the subject matter of the suit as it was originally started. *Fairfield v. Binnian,* 13 Wash. 1, 42 Pac. 632; *Maher & Co. v. Farnandis,* 70 Wash. 250, 126 Pac. 542; *Huxtable v. Berg,* 98 Wash. 616, 168 Pac. 187; *Larson v. Larson,* 106 Wash. 305, 179 Pac. 841.

It is true, that proof of a different nature is necessary to establish a claim on behalf of the appellant against the estates of his grandchildren and to establish his claim against the respondent. In order to establish the liability of the respondent, it is unnecessary to prove an express contract by him to make payment, and many questions affecting the right of the appellant, were the suit solely upon the complaint as originally drawn, involving the theory of *loco parentis,* presumption of gratuity, implied contract and kindred matters, are no longer of importance in viewing the situation as it relates to the respondent's liability.

[2] Respondent is liable for the reasonable value of the necessaries furnished his children. The decree of divorce not relieving him of the responsibility which was his under the laws of nature, man and God, he must meet that liability. The evidence being satisfactory that the amount of necessaries furnished to the respondent's minor children were reasonably of the value set up in the appellant's cross-complaint, a judgment must be rendered in appellant's favor for these amounts. *State v. Rutledge,* 122 Wash. 281, 210 Pac. 669.

The trial court's action is therefore reversed and a judgment entered in favor of appellant Miller against the respondent for $3,680, together with interest and costs. This amount can be collected from any sums that the respondent receives out of the estates of his two deceased children. The claim of the appellant

administrator is determined as it was in the lower court.

TOLMAN, C. J., MAIN, MITCHELL, and PARKER, JJ., concur.