[No. 19970.   Department One.   October 14, 1926.]

RIVERSIDE FINANCE COMPANY, *Respondent*, v. OTIS
AUTOMATIC TRAIN CONTROL, *Appellant*.[1]

[1] SET OFF AND COUNTERCLAIM (15)—SUBJECT MATTER—DEMANDS
AGAINST CODEFENDANTS.  In an action upon a promissory note of
a corporation, it is not a proper subject of cross-complaint against
the company's co-defendants, who were officers of the company,
that they acted without authority and misappropriated the funds
of the company.

[2] CORPORATIONS (160)—CORPORATE LIABILITY—NEGOTIABLE INSTRU-
MENTS.  A promissory note is sufficiently shown to be the note of
a corporation, where it was given as such to a bank, in due
course, by officers authorized to execute notes for money needed
in the business of the company.

[3] SAME (164)—ESTOPPEL—ACCEPTING AND RETAINING BENEFITS OF
LOAN.  A corporation receiving the benefits of a promissory note
negotiated by it cannot question it for a mere error of its officers
in signing the company's name.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered September 29,
1925, upon findings in favor of the plaintiff, in an
action on contract, tried to the court.  Affirmed.

*E. B. Quackenbush,* for appellant.

*Stephens & Jack,* for respondent.

FULLERTON, J.—The respondent, Riverside Finance
Company, as plaintiff, brought this action against the
appellant, Otis Automatic Train Control, a corpora-
tion, to recover upon a promissory note.  There were
others named in the complaint as parties defendant to
the action, but at the trial, for want of service or some
other reason, no recovery was sought against them.
The note was for the sum of one thousand five hundred
dollars, and represented a loan made to the corpora-
tion.  It was executed in the name of the corporation

[1]Reported in 249 Pac. 979.

by its president. It was made payable to The Fidelity National Bank, of Spokane, and was by that bank indorsed to the respondent.

The appellant defended on the ground that the note was not its note. It averred that the note was executed without its authority, by a purported officer of the corporation who had not the authority he pretended to represent, and after the trustees of the corporation had refused to sanction the purpose which the loan was made to further. The appellant also cross-complained against the individual makers of the note and other members of its board of trustees, alleging in substance that they had wrongfully and by subterfuge perpetuated themselves in office, that they had misappropriated the funds of the corporation, had appropriated to themselves a large share of its capital stock to which they were not entitled, and had committed other wrongs in violation of their duties and to the injury of the corporation. On motion of the respondent the court struck the cross-complaint, and the cause proceeded to trial on the issues made by the allegations of the complaint and the denials and affirmative allegations in the answer. There was a trial before the court sitting without a jury, resulting in a judgment in favor of the respondent for the amount demanded in the complaint.

[1] It is complained that the court erred in striking the cross-complaint. But we think there was no error in this respect. The matter pleaded did not constitute a defense to the note. Whether the officers of the corporation had or had not been guilty of the wrongs against the corporation with which they were charged in no way affected the plaintiff's right of recovery. If the note was the obligation of the corporation, if it was executed for an obligation which the corporation had power to create, and if it was executed by the officers of the corporation having power to execute it,

the plaintiff can recover, whatever disposition the officers may have made of the funds of the corporation. The matter pleaded, since it did not constitute a defense to the plaintiff's action, had no place therein. The plaintiff's right is to have the action tried upon the issues between itself and the defendant against whom it sought a recovery, and this issue should not be burdened with the differences between the defendant and others. This is not to say that the defendant corporation has no remedy against its officers if they have misappropriated its property. This question we do not determine. What we determine is that it may not litigate the question in the present action. The cases of *Larson v. Larson,* 106 Wash. 305, 179 Pac. 841, and *Crandall v. Iten,* 128 Wash. 277, 222 Pac. 894, cited by the appellant, are not contrary to the view we here announce. In these cases the matter of the cross-complaint had a bearing upon the plaintiff's right of recovery. It was matter which arose out of and related to the plaintiff's cause of action. These considerations are not here present.

[2] The remaining questions are whether the note is the obligation of the corporation and whether the note was properly executed by the corporation. On these questions the evidence leaves but little doubt. The transaction was the ordinary one of a banking house loaning money to a borrower. After the plaintiff agreed to make the loan, it took the note, credited the corporation with the amount thereof, and allowed the corporation to check it out as it desired. The note was executed by the officer having authority to represent the corporation, and the transaction was but one of several of like kind. We see nothing even irregular about it, much less anything that is illegitimate. It is true the corporation was not a trading corporation in

the sense that it was engaged in a mercantile business or in some other form of trade. But it was engaged in the business of promoting an enterprise which required the use of money, and its by-laws expressly authorize its officers to borrow money when so authorized by its board of trustees. There is some evidence of opposition in the board of trustees against spending the money of the corporation for the purposes for which this loan was desired, but, as we read the record, it was sanctioned by a majority. But this latter matter is not very material. The money was borrowed by officers of the corporation having authority to represent it, and this is as far as the maker of the loan was required to inquire.

[3]   The appellant's full name was not signed to the note, and it is thought that this avoids the instrument. But aside from the fact that it was shown that this was a mere error on the part of the officers executing the note, it was shown that it was the appellant who negotiated the loan, that it received the proceeds of the loan, and that it applied the proceeds to its own use. In the light of these facts, it cannot now be heard to plead a mere irregularity in the execution of the note to avoid its liability thereon.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.