[No. 20266.  Department One.  May 6, 1927.]

SAM. MILLER, *Respondent,* v. WILLIAM F. PRILL, *Appellant,* JOE W. LEWIS, *as Administrator of the Estates of Mabel L. Prill et al., Deceased, Respondents.*[1]

[1] APPEAL (473)—LAW OF THE CASE—SUBSEQUENT APPEALS.  A decision of the supreme court on a former appeal becomes the law of the case, and a judgment following it will be affirmed.

[2] EXECUTORS AND ADMINISTRATORS (158-1)—ACCOUNTING—CREDITS —EXPENSE ACCOUNTS. Expenses necessitated by litigation caused by a contestant are properly allowed to an administrator on final accounting.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 22, 1926, settling the final account of an administrator and distributing an estate, after a hearing before the court. Affirmed.

*Reynolds, Ballinger & Hutson* and *Douglas T. Ballinger (J. Harris Lynch,* of counsel), for appellant.

*Barker & Barker,* for respondent Miller.

*C. C. Upton,* for respondent Lewis.

MITCHELL, J.—This is the second appeal in this case. The essential facts in the case and the former history of the litigation may be found fully set out in the opinion on the former appeal, 138 Wash. 167, 244 Pac. 400.  The matter came on again for hearing in the superior court upon the occasion of hearing the final account and report of the administrator and petition for distribution of the three estates combined.  At that hearing, William F. Prill, who formerly had intervened in the action, filed objections to the account and also

¹Reported in 255 Pac. 929.

claimed that he was entitled to the insurance money the administrator had collected, as exempt from the payment of all debts. The trial court denied his claim, settled the account and distributed the property. William F. Prill has appealed.

[1] There is nothing of much consequence in these estates except the life insurance money. It is and has been the real cause of the litigation. When the appellant intervened in the cause, he set up in his complaint the fact of the life insurance policy and alleged that it had been collected by the administrator. He further alleged that he alone, as father and next of kin of the deceased children who were beneficiaries under the policy, was entitled to the proceeds of it and to the residue of the estate after the payment of expenses. The trial court decided in his favor. The other parties appealed, and in disposing of the matter on that appeal, the judgment of the trial court was reversed and judgment was ordered in favor of Miller against Prill for $3,680 together with interest and costs. It was further decided that "this amount can be collected from any sums that the respondent (William F. Prill) recovers out of the estate of his two deceased children." His petition for a rehearing upon that decision was denied. That decision became the law of this case. The judgment now appealed from adheres to and follows that decision and is affirmed.

[2] The other matters involved in the present appeal relate mostly to expense accounts of the administrator. Within the objections of the appellant, those accounts were necessitated largely by the litigation caused by the appellant. Those accounts altogether, as well as other small items of expense, together with small amounts of indebtedness objected to by the ap-

pellant but allowed by the trial court, were in our opinion fairly and correctly allowed and approved.

The judgment appealed from is in all respects affirmed.

MACKINTOSH, C. J., FRENCH, FULLERTON, and MAIN, JJ., concur.