[No. 20639.  Department One.  October 26, 1927.]

OTTO H. FAASCH *et al., Respondents,* v. ISABEL KARNEY, *Appellant.*[1]

[1] CONTINUANCE (18)—ABSENCE OF WITNESS—DILIGENCE.  A continuance for absence of a witness is properly denied for want of diligence, where not made until the day of trial, after the case had been at issue for more than a year and after one continuance had been granted.

[2] APPEAL (272)—RECORD—CONTENTS OF STATEMENT OF FACTS—AFFIDAVITS.  Affidavits used on an application for a continuance cannot be considered on appeal unless made a part of the record by a bill of exceptions or statement of facts.

[3] DISCOVERY (11)—PHYSICAL EXAMINATIONS.  Upon plaintiff's consent to a physical examination, it is not error to appoint two competent and disinterested physicians to make the examination, and to refuse to appoint one who was present as a witness for plaintiff.

[4] PHYSICIANS AND SURGEONS (10-1)—MALPRACTICE—EVIDENCE—SUFFICIENCY.  Findings of injuries from malpractice by an osteopath, not licensed as a surgeon, are sustained by evidence that defendant unlawfully performed a surgical operation at a place where proper care and attention could not be given, and that plaintiff's injuries and suffering were reasonably and satisfactorily traceable to the negligent treatment.

Appeal from a judgment of the superior court for King county, Smith, J., entered July 1, 1926, upon findings in favor of the plaintiff, in an action for malpractice, tried to the court.  Affirmed.

*Otis W. Brinker* and *Harry J. Kuen,* for appellant.
*James C. McKnight,* for respondents.

MITCHELL, J.—This is a malpractice case.  The defendant, Isabel Karney, was licensed and engaged in the practice of osteopathy, not osteopathy and surgery.  She treated the plaintiff Mrs. Faasch professionally, and it was alleged in the complaint that the treatment

[1]Reported in 260 Pac. 255.

was unskillful and negligent, causing serious injury for which a money judgment was sought. An answer was filed denying negligence and injury. Upon the trial to the court without a jury, findings and judgment were entered in favor of the plaintiffs, from which the defendant has appealed.

[1] The first assignment of error is the refusal of the court to continue the trial on account of the absence of a witness. On this assignment, it may be stated, generally, that the affidavit purporting to be the one upon which the motion was based was filed and presented to the court as the trial commenced, more than a year after the issues were made up, and after one continuance of the trial had occurred. The diligence required by the statute in such cases was not shown.

[2] But beyond this, the affidavit referred to is brought here in the clerk's transcript, and is not included in the statement of facts certified to by the trial judge; and under the rule often announced in the decisions of this court, it cannot be considered here.

"It has repeatedly been held that affidavits which were used during the progress of the trial in the superior court to establish or dispute a fact, cannot be considered unless they are included in the statement of facts or bill of exceptions, and by certificate of the trial judge made a part of the record." *Powers v. Washington Portland Cement Co.,* 79 Wash. 1, 139 Pac. 615.

See, also, *Gray v. Granger,* 48 Wash. 442, 93 Pac. 912; *State v. Lee Wing Wah,* 53 Wash. 294, 101 Pac. 873; *Richmond v. Denny,* 104 Wash. 202, 175 Pac. 957.

It is assigned as error that the court acted with such bias and prejudice that the appellant was deprived of a fair trial. References to the record made by counsel to support the argument do not indicate anything of the kind, in our opinion, nor does anything else in the whole record.

[3] Another assignment of error arises out of the following circumstances, viz: in the course of the trial, appellant asked for a physical examination of Mrs. Faasch. She consented. The court proceeded in a very careful manner to select two competent, qualified, disinterested physicians for that purpose. The appellant demanded that a physician already there as a witness for her be designated as one of the two to conduct the examination. The court's refusal to do so constitutes the assigned error. In our opinion, the assignment is without merit.

[4] On the merits, the evidence has been examined in its entirety, not simply the abstracts prepared by respective counsel. In our opinion, it clearly preponderates in favor of the findings, which in turn support the judgment. In treating Mrs. Faasch, the appellant performed two surgical operations that were similar. Under her license, she was not entitled to practice surgery. She does not deny that the operations described were surgical, but says that she did not perform them. She used a surgical instrument which was described by the witnesses, who also described the manner in which it was used. She admitted that such was a surgical instrument and that, under her license, she would not have the right to use it, but she denies that she used such an instrument. The operations were performed at appellant's office. There was abundant evidence that such treatment or operations should not be had except by a skilled surgeon, at a place where the patient could have the best of care and attention to prevent, if possible, the kind of injury done in this case. The proof showed that, immediately before the operations and for years, Mrs. Faasch was in a normal condition, and without any trouble such as now complained of; and that, during the treatment and operations complained of, lasting several

days, she was seriously injured, from which she has continuously suffered.

Under the evidence in this case, Mrs. Faasch's injuries and trouble are reasonably and satisfactorily traceable to the negligent treatment of the appellant, and to nothing else. Such negligent treatment was the direct and proximate cause of the injuries inflicted. It should be said that, in a number of particulars, there was a conflict in the evidence, and that in some of them each had some corroboration; but upon the whole case, as already stated, the clear weight of it supports the findings and judgment.

Another assignment of error is that the award was excessive. The assignment is in no way argued in the brief, and we consider it abandoned. The motion for a nonsuit and the one for a new trial were properly denied.

Affirmed.

PARKER, FRENCH, ASKREN, and TOLMAN, JJ., concur.