[No. 24978. Department Two. December 14, 1934.]

OLD COLONY SECURITIES CORPORATION, *Respondent*, v. JOHN H. SAHLIN *et al.*, *Appellants*, E. W. CAMPBELL *et al.*, *Respondents*.[1]

*Clyde H. Belknap,* for appellants.

*R. C. Hazen,* for respondents.

GERAGHTY, J.—This action was brought by the plaintiff, Old Colony Securities Corporation, against the defendants John H. Sahlin and wife, to recover upon two promissory notes executed by the husband in payment of subscriptions to the capital stock of the plaintiff. The complaint sets out two causes of action; the first for a note of five thousand dollars, and the second for a three thousand dollar note.

[1]Reported in 38 P. (2d) 1010.

After the service of defendants' answer, setting up the cancellation and return to them of the five thousand dollar note, the plaintiff waived recovery upon its first cause of action, and demurred to the affirmative defenses to the second cause, on the ground that they did not state facts sufficient to constitute a defense. By agreement of the parties, the demurrer was argued and disposed of when the case was called for trial and after plaintiff had served its reply. The case having been tried to the court without a jury, findings of fact and conclusions of law favorable to the plaintiff were made and judgment entered thereon, from which this appeal is taken.

The appellants assign as error the order of the court sustaining the demurrer to the affirmative defenses to the second cause of action. There were three defenses. The first alleged that, by the unanimous action of its trustees and stockholders, the respondent corporation had been dissolved and abandoned, and was no longer doing business; that it had no liabilities, and that sufficient assets were available for full distribution to each stockholder without payment by appellants of the note at issue; that the note, if given as alleged, was given as a stock subscription, and that the appellant J. H. Sahlin was a stockholder of the corporation, and had paid seven thousand dollars in cash for his stock in addition to the amounts alleged by the respondent. The second affirmative defense, alleging want of consideration, is not argued by appellants in their brief.

The third affirmative defense alleged that certain other stockholders of the respondent corporation, then being the officers thereof, withdrew corporate funds for their personal use without the consent of the trustees or stockholders; that they had caused to be issued to themselves capital stock of the corporation without consideration, and that, by the issue of this stock, they

owned substantially all the corporate stock and had control of the operation and management of its assets; that they were insolvent, and that the cash value of their interest in the corporation was not sufficient to repay to it the funds withdrawn, and that any funds paid by appellants to the corporation would be in danger of being dissipated without an adequate remedy at law to recover the sums so dissipated; and that these stockholders, by reason of the fact that they owned substantially all the capital stock, would be the only persons to be benefited by recovery from appellants.

The respondent in its brief states that the court, in announcing its ruling on the demurrer, said that, as to the first defense, the appellants would have the right to introduce their evidence under their general denial. No statement of facts has been certified to us, and there is nothing in the record substantiating this statement in the brief. However, the appellants did have this right. It was incumbent upon the respondent, in making its case, to prove its legal capacity to sue, and appellants had the right to introduce any evidence tending to establish their contention that the legal status of the corporation was such that it could not maintain the suit.

The court found as a fact that, at all times mentioned in the complaint, the respondent

" . . . was and is a corporation organized and existing under and by virtue of the laws of the state of Washington, with its principal place of business in Seattle in that state, and has paid its license fee last past due to such state."

There being no statement of facts before us, we are bound by this finding of the trial court.

As to the third affirmative defense, we are of the opinion that the trial court properly sustained the demurrer. In *Riverside Finance Co. v. Otis Auto-*

*matic Train Control,* 140 Wash. 495, 249 Pac. 979, a suit upon a promissory note, the defendant cross-complained against some individual makers of the note and other members of its board of trustees, alleging in substance that they had, by subterfuge, perpetuated themselves in office, had misappropriated funds of the defendant corporation, had appropriated to themselves a large share of its capital stock to which they were not entitled, and had committed other wrongs in violation of their duty, resulting in injury to the corporation. In the course of its opinion, this court said:

"Whether the officers of the corporation had or had not been guilty of the wrongs against the corporation with which they were charged in no way affected the plaintiff's right of recovery. If the note was the obligation of the corporation, if it was executed for an obligation which the corporation had power to create, and if it was executed by the officers of the corporation having power to execute it, the plaintiff can recover, whatever disposition the officers may have made of the funds of the corporation. The matter pleaded, since it did not constitute a defense to the plaintiff's action, had no place therein. The plaintiff's right is to have the action tried upon the issues between itself and the defendant against whom it sought a recovery, and this issue should not be burdened with the differences between the defendant and others. This is not to say that the defendant corporation has no remedy against its officers if they have misappropriated its property. This question we do not determine. What we determine is that it may not litigate the question in the present action."

"It may be stated as a rule, supported by the authorities, that the mismanagement of the corporate affairs does not discharge a subscriber or stockholder from liability on his subscription, and such facts constitute no defense to an action on a subscription." 2 Thompson on Corporations 219, § 877.

If the affairs of a corporation are mismanaged by its directors or other officers, or by a majority of the

stockholders of the corporation, stockholders not participating in the fraudulent or wrongful acts have a remedy in court, but such mismanagement does not discharge a stockholder from liability on his subscription, and is no defense in an action thereon. 4 Fletcher Cyc. Corporations, § 1778.

The judgment is affirmed.

BEALS, C. J., BLAKE, TOLMAN, and HOLCOMB, JJ., concur.