[No. 26823. Department One. December 28, 1937.]

THE STATE OF WASHINGTON, *on the Relation of Frank Lucas, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *William G. Long, Judge Presiding, Respondent.*[1]

*Raymond D. Ogden, Ward Wm. Roney,* and *Raymond D. Ogden, Jr.,* for relator.

*Mifflin & Mifflin,* for respondent.

[1]Reported in 74 P. (2d) 888.

MAIN, J.—This case is here on certiorari to review an order of the superior court making an allowance for temporary support for a minor child pending an application to modify a divorce decree.

The relator, Frank Lucas, and his divorced wife, Anne Lucas (who will be referred to as the respondent), were married December 15, 1930. As a result of this marriage, one child was born.

December 1, 1932, an interlocutory decree of divorce was entered, awarding custody of the child to the respondent and making certain provisions for the maintenance of the respondent and the minor child. The final decree of divorce, which confirmed the interlocutory decree, was entered March 5, 1934.

July 1, 1937, the respondent filed a petition asking for a modification of the decree so as to provide for the support of the minor child, who was then five years of age. The petition and a twenty-day summons were served upon the relator. On the same day, the respondent applied to the court for an order requiring the relator to show cause why he should not be required, pending the determination of the petition, to modify the decree to provide for the support and maintenance of the minor son. The order to show cause was issued and was returnable on the 8th day of July, 1937. On this day, as shown by the clerk's minute entry, the hearing on the show cause order was continued to the time of the hearing of the petition to modify. July 31, 1937, the respondent again moved for a show cause order, of like import as the previous one, and an order was issued, returnable on August 19, 1937. In response to this show cause order, the relator appeared.

The application for the order for support for the child, pending the hearing on the petition to modify, was supported and resisted by affidavits. At the con-

clusion of the hearing, the court entered an order requiring the relator, pending the hearing upon the petition to modify, to pay to the respondent the sum of twenty dollars per month, effective with the month of August, but that payment was not to be made until September 1, 1937.

The relator applied to this court for a writ of certiorari, which, as above indicated, was issued directing that a transcript of the record and proceedings be brought to this court, properly certified. No statement of facts or bill of exceptions has been brought to this court showing what took place upon the hearing after which the order complained of was entered.

The affidavits, above referred to as being in support and resistance of that order, are contained in the clerk's transcript and are not properly here. It has been repeatedly held that affidavits which were used during the progress of a hearing in the superior court to establish or dispute a fact cannot be considered unless they are included in the statement of facts or bill of exceptions and by certificate of the trial judge made a part of the record. *Powers v. Washington Portland Cement Co.,* 79 Wash. 1, 139 Pac. 615; *Faasch v. Karney,* 145 Wash. 390, 260 Pac. 255; *Ice Delivery Co. v. Davis,* 137 Wash. 649, 243 Pac. 842.

In the last case cited, the rule above stated is referred to as the "uniform holding of this court." The rule is as applicable to a hearing here on certiorari on the merits as it is in the case of an appeal. The writ of certiorari was issued for the reason that an appeal was not an adequate remedy. Rem. Rev. Stat., § 1002 [P. C. § 7418].

The sole question here for consideration is the right of the trial court to make provision for support for a minor child while an application to modify the divorce decree is pending. We are not here concerned

with the matter of attorney's fees, suit money, or additional allowance for the divorced wife, and upon these matters we express no opinion.

The power of the trial court to modify a divorce decree relating to the support of minor children is definitely settled, and jurisdiction may be obtained of the father by show cause order, as was done in this case.

In *Harris v. Harris*, 71 Wash. 307, 128 Pac. 673, it is said:

"In our opinion the court below had ample jurisdiction as to both person and subject-matter. This question has been so recently before us that we do not regard it as necessary to enter upon a full discussion of the powers of the court in divorce cases where periodical alimony is provided for the support of minor children. In *Poland v. Poland*, 63 Wash. 597, 116 Pac. 2, we said:

" 'The jurisdiction of the court in divorce cases, where alimony is awarded for the support of children, is a continuing one, and the jurisdiction of both the parties and the subject-matter continues so long as there is a minor child whose welfare and maintenance are provided for in the decree.'

"The same rule was announced in *Dyer v. Dyer*, 65 Wash. 535, 118 Pac. 634, where, in addition to following the *Poland* case, it was added: 'These matters, from their very nature, invoke the equitable powers of the court, and the jurisdiction is a continuing one.' It need only be added that appellant's contention, that the courts of Washington' acquired no jurisdiction over his person by the service of the motion upon him in the state of California, is not well taken. Inasmuch as the court, by virtue of its original jurisdiction and its continuing decree, retained jurisdiction over both person and subject-matter, no original process was necessary to regain a jurisdiction never lost. That such a jurisdiction is retained and is not defeated by the departure from the state, is well settled. [Citing authorities.]"

The relator was under the common law obligation to support his child during its minority, and this obligation continued without regard to the divorce decree. The parties to that decree could not stipulate away the right of the child to such support. *Blades v. Szatai,* 151 Md. 644, 135 Atl. 841, 50 A. L. R. 232; *Miller v. Lewis,* 138 Wash. 167, 244 Pac. 400; *Duvall v. Duvall,* 215 Iowa 24, 244 N. W. 718, 83 A. L. R. 1242.

In a sense, an application for modification of a divorce decree, at least in so far as it affects support for a minor child, is a continuation of the original action. Keezer on Marriage and Divorce, § 533.

Attention is called to the provision of the statute (Laws of 1920 and 1921, § 4, chapter 109, p. 335, Rem. Rev. Stat., § 995-5 [P. C. § 7511-5]), where reference is made to a full hearing. Assuming that that language is applicable where the action is brought in the county where the decree was entered and where the child and parents were at the time the petition to modify was presented, there is nothing in the record now before us to show that there was not a full hearing.

The order here for review will be affirmed.

STEINERT, C. J., HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.