IVER H. ZARBELL, *Appellant,* v. HARRY L. DIXON, JR.,
*et al., Respondents.*[1]

*William M. Rois,* for appellant.

ABEL, J.—Plaintiff brought suit to foreclose a mechanic's lien on defendants' automobile. Prior to the date of trial, defendants filed a tender with the clerk, and the court entered judgment for the amount of the tender. Plaintiff has appealed by bill of exceptions with the certificate of the presiding judge of King county that it embodies all of the evidence introduced upon the hearings of the motions in said cause relating to or pertaining to the matter of (a) interrogatories; (b) motion for the production of automobile for inspection.

The bill of exceptions contains: a list of interrogatories, a blank, unsigned, and undated order regarding allowance and rejection of interrogatories, copy of the complaint, motion and affidavit for production of automobile for inspection, demurrer, an affidavit resisting motion for production of automobile for inspection, and a blank, unsigned, and undated order which sets forth that the motion for default and production of automobile for inspection is denied.

The above is the only record we have to determine the question involved. We are limited to the bill of excep-

[1] Reported in 176 P. (2d) 469.

tions. There is therefore nothing for us to consider, since the only thing we have is a copy of motions and affidavits without a determination by the court concerning them.

In *Warner v. Hearst Publications,* 20 Wn. (2d) 552, 148 P. (2d) 315, we stated, at p. 555:

"Depositions to be considered on appeal must be, as required by the statute (Rem. Rev. Stat., § 390), incorporated in the record by bill of exceptions or statement of facts, and the necessity of preserving them by the method provided is not obviated by reference to them in the court's order. Where the method of preserving the depositions prescribed by the rules is not followed, every presumption will be indulged in favor of the ruling of the court granting motion to strike complaint for refusal of plaintiff to answer interrogatories."

We have consistently followed the above rule. In *Faasch v. Karney,* 145 Wash. 390, 260 Pac. 255, we stated as follows:

"But beyond this, the affidavit referred to is brought here in the clerk's transcript, and is not included in the statement of facts certified to by the trial judge; and under the rule often announced in the decisions of this court, it cannot be considered here.

" 'It has repeatedly been held that affidavits which were used during the progress of the trial in the superior court to establish or dispute a fact, cannot be considered unless they are included in the statement of facts or bill of exceptions, and by certificate of the trial judge made a part of the record.' *Powers v. Washington Portland Cement Co.,* 79 Wash. 1, 139 Pac. 615."

Judgment is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and SCHWELLENBACH, JJ., concur.